Current as of September 7, 2007

## INDIVIDUAL PRACTICES OF RICHARD J. SULLIVAN

| **Chambers** | **Courtroom - Parties must check the Daily Courtroom Posting Board located in the Main Lobby of the Courthouse.** |
|---|---|
| United States District Court<br>Southern District of New York<br>500 Pearl Street, Room 615<br>New York, New York 10007<br>(212) 805-0264 | 500 Pearl Street<br>Eileen Levine<br>Case Manager<br>(212) 805-4884 |

**Unless otherwise ordered, matters before Judge Sullivan shall be conducted in accordance with the following practices:**

**1.   Communications With Chambers**

   **A. Letters.** Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel. Copies of correspondence between counsel shall not be sent to the Court.

   **B. Telephone Calls.** Except as provided in Paragraph 1(D) below, telephone calls to chambers are permitted only in emergency situations requiring immediate attention. In such situations only, call chambers at (212) 805-0264.

   **C. Faxes.** Faxes to chambers are not permitted without express prior permission, and only in cases of unforeseeable emergencies. Requests for extensions of time and pre-motion letters, for example, are very rarely considered unforeseeable or emergencies. In any fax to chambers, include the name of the person who granted permission for the fax to be sent.

   **D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling, and calendar matters, call Eileen Levine at (212) 805-4884 between 9:00 AM and 5:00 PM Monday through Friday.

   **E. Requests for Adjournments or Extensions of Time.** Absent an emergency, requests for adjournments or extensions of time must be received in chambers at least 48 hours prior to the scheduled appearance or deadline. All requests for adjournments or extensions of time must state: (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached.

**Judge Sullivan**
**Individual Practices**
**Page 2**

  **F.** Proposed stipulations and orders are only to be submitted through the Orders and Judgments Clerk at <u>orders_and_judgments@nysd.uscourts.gov.</u> Courtesy copies need not be sent to Chambers.

**2.** **Motions**

  **A. Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2; to raise a discovery dispute with the Court, follow Rule 2.F. below. For motions other than discovery motions, a pre-motion conference with the court is required for making any motion, except motions brought on by order to show cause, motions by incarcerated pro se litigants, motions for admission pro hac vice, motions for reargument, and motions described in Rule 6(b) of the Federal Rules of Civil Procedure and Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure. To arrange a pre-motion conference, the moving party shall submit a letter not to exceed three (3) pages in length setting forth the basis for the anticipated motion. All parties so served **must** submit a letter response, not to exceed three (3) pages, within three (3) business days from service of the notification letter. To arrange a pre-motion conference for motions governed by a Scheduling Order, the moving party must submit its initial letter four (4) weeks prior to the motion deadline established by the Order.

  **B. Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents. All memoranda of law shall be produced in a font of twelve (12) or higher and shall have one inch margins on all sides. A copy of the complaint should accompany the moving papers. Sur-reply memoranda will not be accepted without prior permission of the Court.

  **C. Courtesy Copies.** One (1) courtesy copy of all pleadings and motion papers, marked as such, shall be submitted to chambers at the time the papers are served, in accordance with the SDNY policies regarding mail deliveries. **Courtesy copies shall be submitted to chambers for both ECF and non-ECF designated cases.**

  **D. Filing of Motion Papers.** Motion papers shall be filed promptly after service.

  **E. Oral Argument on Motions.** Oral argument will be held where the parties are represented by counsel and where oral argument would assist the Court. The notice of motion shall state that oral argument will be "on a date and at a time designated by the Court." The Court will contact the parties to set the specific date and time for oral argument, if any.

  **F. Discovery Disputes.** Unless otherwise directed, counsel should describe their discovery disputes in a <u>single letter, jointly composed</u>. Separate and successive letters will be returned, unread. Strict adherence to Fed. R. Civ. P. 37(a)(2)(A), the "meet and confer" rule, is

**Judge Sullivan**
**Individual Practices**
**Page 3**

required, and should be described in the joint submission as to time, place and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support.

3.  **Pretrial Procedures**

    **A. Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days following completion of discovery, the parties shall submit to the Court for its approval a Joint Pretrial Order that includes the information required by Federal Rule of Civil Procedure 26(a)(3), and the following:

    i.   The full caption of the action;

    ii.  The names, addresses (including firm names), and telephone and fax numbers of trial counsel;

    iii. A brief statement by plaintiff as to the basis of subject-matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject-matter jurisdiction. Such statements shall include citations to all authority relied on and relevant facts as to citizenship and jurisdictional amount;

    iv.  A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matters but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried;

    v.   A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

    vi.  A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which party or parties have or have not so consented);

    vii. Any stipulations of fact or law that have been agreed to by the parties;

    viii. A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition;

**Judge Sullivan**
**Individual Practices**
**Page 4**

    ix.    A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party;

    x.    A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground; and

    xi.    A statement whether the parties consent to less than a unanimous verdict.

    **B. Filings Prior to Trial in Civil Cases.** Unless otherwise ordered by the Court, each party shall file with the Joint Pretrial Order:

    i.    In jury cases, proposed voir dire questions, verdict form and requests to charge. When feasible, proposed jury instructions should also be submitted on a 3.5" diskette in WordPerfect version 11 format;

    ii.    In non-jury cases, proposed findings of fact and conclusions of law. Proposed findings of fact should be detailed;

    iii.    In all cases, motions addressing any evidentiary or other issues which should be resolved *in limine*; and

    iv.    In any case where such party believes it would be useful, a pretrial memorandum.

    **C. Additional Submissions in Non-Jury Cases.** At the time the joint pretrial order is filed, each party shall serve, but not file, the following:

    i.    Affidavits constituting the direct testimony of each trial witness, except for testimony of an adverse party, a person whose attendance must be compelled by subpoena, or a person for whom a party has requested and the court has agreed to hear direct testimony during the trial. Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial. Only those witnesses who will be cross-examined need appear at trial. The original affidavit shall be marked as an exhibit at trial.

    ii.    All deposition excerpts which will be offered as substantive evidence, as well as a one-page synopsis (with page references) of those excerpts for

Judge Sullivan
Individual Practices
Page 5

        each deposition.

        iii.    All documentary evidence.

**D. Filings in Opposition.** Any party may file the following documents within one week of the filing of the pretrial order, but in no event less than two (2) days before the scheduled trial date:

        i.    Objections to another party's requests to charge or proposed voir dire questions;

        ii.    Opposition to any motion *in limine*;

        iii.    Opposition to any legal argument in a pretrial memorandum.

**Two courtesy copies of the joint pretrial order and all documents filed or served with the pretrial order should be submitted to chambers on the date of filing or service.**

4.    **Conferences**

**A. Principal Trial Counsel.** The attorney who will serve as principal trial counsel **must** appear at all conferences with the Court.

**B. Initial Case Management Conference.** The Court will generally schedule a Fed. R. Civ. P. 16(c) conference within three months of the filing of the Complaint. The Notice of Initial Pretrial Conference will be sent to plaintiff's counsel, who will be responsible for distributing copies to all parties.

5.    **Default Judgments.** A party who wishes to obtain a default judgment must proceed by way of an order to show cause and use the procedure set forth in Attachment A.

6.    **Bankruptcy Appeals.** Briefs must be submitted in accordance with Bankr. Rule 8009, 11 U.S.C. Counsel may extend these dates by stipulation submitted to the Court no later than two business days before the brief is due.

7.    **Notice Regarding Access to Court Filings.** With limited exceptions, all Opinions will be posted on CourtWeb. To access CourtWeb, go to www.nysd.uscourts.gov and click **CourtWeb On-Line Rulings.** Parties will be notified when an Opinion is posted. Parties also can sign up for the **CourtWeb Watch List**, which will alert the parties to any new postings regarding a particular case.

**Judge Sullivan**
**Individual Practices**
**Page 6**

8.  **Criminal Cases.** Upon assignment of a criminal case to Judge Sullivan, the parties immediately shall arrange with the Case Manager for a prompt conference at which the defendant will be present in order to set a discovery and motion schedule. The Assistant United States Attorney shall provide a courtesy copy each of the indictment and the criminal complaint, if one exists, to chambers as soon as practicable through e-mail to Eileen Levine.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERCK EPROVA AG )<br>)<br>)<br>Plaintiff, )<br>-v.- )<br>)<br>GNOSIS S.P.A. )<br>and )<br>)<br>GNOSIS BIORESEARCH S.A. )<br>)<br>)<br>Defendant. )<br>) | JUDGE KARAS<br>07 CIV 5898<br><br>CORPORATE DISCLOSURE<br>STATEMENT |



Pursuant to *Federal Rule of Civil Procedure 7.1*, the undersigned counsel for Plaintiff Merck Eprova AG certifies that to the best of its knowledge:

1. Merck Eprova AG is a subsidiary of Merck KGaA.

2. No publicly held corporation other than Merck KGaA currently holds more than 10% of the voting securities of Merck Eprova AG.

Date: June 21, 2007

            Respectfully Submitted,
            Alston & Bird, LLP

            By:_____
            Robert E. Hanlon (RH 8794)
            Thomas J. Parker   (TP 7219)
            Alston & Bird LLP
            90 Park Avenue
            New York, NY 10016
            (212) 210-9529 (Phone)
            (212) 210-9444 (Facsimile)
            Thomas.Parker@alston.com

March 21, 2001

## INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE DEBRA FREEMAN

Unless otherwise ordered by Judge Freeman, matters before her shall be conducted in accordance with the following practices.

(These practices are applicable to matters before Judge Freeman only if the matter is within the scope of the District Judge's Order of Reference or if the case is before Judge Freeman pursuant to the parties' consent under 28 U.S.C. § 636(c). Otherwise, the practices of the District Judge to whom the case is assigned apply.)

### 1. Communications with Chambers

**A. Letters.** Copies of letters to chambers shall simultaneously be delivered to all counsel. Copies of correspondence between counsel shall not be sent to the court.

**B. Telephone Calls.** In addition to Paragraph 1(D) below, telephone calls to chambers are permitted. For matters other than docketing, scheduling or calendaring, call chambers at 805-4250.

**C. Faxes.** Faxes to chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than 5 pages may be faxed without prior authorization. Do not follow with hard copy. The fax number is 805-4258.

**D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call Ms. Ivy Siwik at 805-4250 between 9:00 A.M. and 4:30 P.M.

**E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.

### 2. Motions

**A. Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2. For motions other than discovery motions, pre-motion conferences are not required.

**B. Courtesy Copies.** Courtesy copies of all motion papers, marked as such, should be submitted for chambers.

**C. Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

**D. Filing of Motion Papers.** Moving, opposing, and reply papers shall each be filed promptly after service, with courtesy copies submitted to chambers at the time of filing.

**E. Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

### 3. Pretrial Procedures

**A. Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case, the parties shall submit to the court for its approval a joint pretrial order, which shall include the following:

   i. The full caption of the action.

   ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

   iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

   iv. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

   v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

   vi. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

   vii. Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

   viii. A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.

   ix. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

   x. A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B. Filings Prior to Trial in Civil Cases.** Unless otherwise ordered by the Court, each party shall file, 15 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the final pretrial order if no trial date has been fixed:

      i. In jury cases, requests to charge and proposed voir dire questions. When feasible, proposed jury charges should also be submitted on a 3.5" diskette in WordPerfect version 5.1 or higher format;

      ii. In nonjury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

      iii. In all cases, motions addressing any evidentiary or other issues which should be resolved <u>in limine</u>; and

      iv. In any case where such party believes it would be useful, a pretrial memorandum.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
:   CONSENT TO PROCEED BEFORE
            Plaintiff(s),   :   UNITED STATES MAGISTRATE JUDGE
:
   - against -   :   _____ Civ. _____ (   )(   )
:
:
            Defendant(s).   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IT IS HEREBY STIPULATED by the undersigned:

    1. All parties consent, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, that a United States Magistrate Judge conduct all further proceedings in this action, including any trial and entry of final judgment.

    2. Any appeal from a judgment entered in this case will lie to the Court of Appeals for the Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c).

_____        _____
Attorney(s) for Plaintiff(s)          Attorney(s) for Defendant(s)
Address                               Address
Telephone                             Telephone


_____        _____
Attorney(s) for _____         Attorney(s) for _____
Address                               Address
Telephone                             Telephone

(Separately executed forms may be submitted. See Fed. R. Civ. P. 73(b).)

SO ORDERED.

_____
                    U.S.D.J.

Magistrate Judge _____ was assigned this case on _____.


                                      For: Clerk U.S.D.C. S.D.N.Y.

SDNY Web 4/99

IH-30

A copy of this Notice must be served by the plaintiff with the complaint on all adversary parties, and attached to any third-party complaint served by a defendant.

### RIGHT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D.N.Y. Local Civil Rule 73.1, the United States Magistrate Judges of the Southern District of New York have jurisdiction, with the consent of all parties, to conduct any or all proceedings in a civil case, including jury or non-jury trials, and order the entry of judgment. Trial before a Magistrate Judge proceeds in the same manner as trial before a District Judge.

The Magistrate Judge previously designated for the case will conduct the consent proceedings. If no Magistrate Judge has been designated, one will be drawn by lot to preside.

In accordance with 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c), appeal in a consent proceeding lies to the United States Court of Appeals for the Second Circuit as it would from any judgment of the district court.

The decision to consent, or not to consent, to proceed before a Magistrate Judge under § 636(c) is entirely voluntary. Only if all parties to the case consent to the reference will either the District Judge or Magistrate Judge be informed of the decision. Fed. R. Civ. P. 73(b).

If the parties in this action consent to proceed before a Magistrate Judge, the attached consent form should be signed by counsel for all parties and submitted to the Judgment and Orders Clerk in Room 120 of the Courthouse at 500 Pearl Street or Room 167 of the White Plains Courthouse. Separately executed forms may be submitted. See Fed.R. Civ. P. 73(b).

IH-30