e tutti questi fattori, per informazioni e convinzioni, nella sostanza alterano la natura, le caratteristiche e qualità dei beni e servizi associati al composto Gnosis. Gli atti summenzionati sono in violazione di § 350(e)(3) N.Y. Gen. Bus. Law.

99.  Inoltre, i summenzionati atti fuorvianti di Gnosis hanno provocato, e presumibilmente continuano a provocare danni ai consumatori, ivi compresi i consumatori di New York, e alla rappresentanza commerciale di Merck.

100.  Gli atti di Gnosis hanno provocato e, se non limitati dalla Corte, continueranno a causare grandi e irreparabili danni al pubblico e all'attività di Merck e alla reputazione per i quali Merck e il pubblico non hanno un adeguato rimedio (remedy at law).

101. Come risultato della cattiva condotta volontaria e intenzionale da parte di Gnosis, Merck e la pubblica utenza sono pertanto autorizzati a un rimedio appropriato come richiesto più avanti, ivi compresi i provvedimenti ingiuntivi preliminari e permanenti.

102.  Inoltre, la violazione consapevole e volontaria della Sezione 350(e)(3) giustifica la tripla richiesta per i danni subiti e il risarcimento delle spese legali.

### RICHIESTA DI GIURIA

MERCK richiede un dibattimento con giuria per tutte le istanze da discutere.

### RICHIESTA DI SENTENZA

LADDOVE, Merck richiede a codesta Corte che venga emessa una sentenza nei seguenti termini:

A.  Che la Corte emetta un giudizio dove si dichiara che il Convenuto, come risultato delle sue dichiarazioni volontarie, deliberate e false nella sostanza sulla qualità e il contenuto del suo prodotto, si è impegnato in pubblicità ingannevole in violazione della Sezione 43(a) del Lanham Act, U.S.C. 15 § 1125((a)(1)(b); si è reso responsabile di concomitanza in pubblicità ingannevole in violazione della Sezione

43(a) del Lanham Act, U.S.C. 15 § 1125((a)(1)(b); si è reso responsabile di concorrenza sleale federale in violazione della Sezione 43(a) del Lanham Act, U.S.C. 15 § 1125((a; si è reso responsabile di concorrenza sleale in violazione della common law di New York; si è reso responsabile di pratiche commerciali ingannevoli in violazione di § 349(h) N.Y. Gen. Bus. Law; e si è reso responsabile di pubblicità ingannevole in violazione di § 350(e)(3) N.Y. Gen. Bus. Law.

B.    Che la Corte emetta ingiunzioni temporanee, preliminari e permanenti ordinando al convenuto, tra l'altro, di cessare immediatamente tutta la distribuzione e la vendita del composto Gnosis;

C.    Che la Corte ordini il richiamo di tutto il composto Gnosis attualmente sul mercato;

D.    Che la Corte ordini il richiamo di tutti i prodotti che contengono il composto Gnosis attualmente sul mercato;

E.    Che la Corte ordini a Gnosis di impegnarsi in un programma di pubblicità correttiva, soddisfacente per Merck, che rimedi alle informazioni false e fuorvianti che Gnosis ha diffuso;

F.    Che la Corte conceda il riconoscimento dei danni in un ammontare sufficiente per compensare Merck degli illeciti subiti a causa delle illegalità del convenuto ;

G.    Che la Corte riconosca i danni in misura tripla;

H.    Che la Corte riconosca i danni punitivi in un ammontare sufficiente per punire il convenuto e scoraggiarlo dall'intraprendere ulteriori atti consapevoli di concorrenza sleale;

I.    Che la Corte riconosca i costi per questa azione e le spese legali consequenziali che Merck deve sostenere relativamente all'azione stessa;

J. Che la Corte riconosca ogni altra ulteriore diversa riparazione ritenuta giusta e appropriata dalla Corte stessa.

Data: 22 ottobre 2007

In fede

*Firma illeggibile*
Robert E. Hanlon (RH 8794)
Thomas J. Parker (TP 7219)
Studio Legale Alston & Bird
90 Park Avenue
New York, New York 10016
Tel. 212-210-9400
Fax 212-210-9444
robert.hanlon@alston.com
thomas.parker@alston.com

*Avvocati del ricorrente Merck Eprova AG*

### TRIBUNALE FEDERALE DI PRIMA ISTANZA
### PER IL DISTRETTO MERIDIONALE DI NEW YORK

**GIUDICE KARAS**

| | |
|---|---|
| **MERCK EPROVA AG** ) | |
| ) | **'07 CIV 5898** |
| **Ricorrente,** ) | |
| -v.- ) | |
| ) | |
| **GNOSIS S.P.A.** ) | **DIVULGAZIONE INFORMATIVA** |
| **e** ) | **SULL'AZIENDA** |
| ) | |
| **GNOSIS BIORESEARCH S.A.** ) | **RICEVUTO** |
| ) | **21 GIU 2007** |
| **Convenuto.** ) | **U.S.D.C. S.D.N.Y.** |
| ) | **RAGIONERIA DEL TRIBUNALE** |

In ottemperanza alla *Regola Federale di Procedura Civile 7.1*, il sottoscritto avvocato del Querelante Merck Eprova AG certifica, al meglio delle sue conoscenze:

1. Merck Eprova AG è una società controllata di Merck KGaA.
2. Nessuna società pubblica ("publicly held corporation") se non la Merck KGaA attualmente detiene più del 10% delle azioni con diritto di voto della Merck Eprova AG.

Addì, 21 giugno 2007

In fede
Alston & Bird, LLP

Visto: ____*Firma autografa*____
Robert E. Hanlon (RH 8794)
Thomas J. Parker (TP 7291)
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
(212) 210-9529 (telefono)
(212) 210-9444 (fax)
Thomas.Parker@alston.com

**TRIBUNALE FEDERALE DI PRIMA ISTANZA**
**DISTRETTO MERIDIONALE DI NEW YORK**

CORTE FEDERALE DI PRIMA ISTANZA
DISTRETTO MERIDIONALE DI NEW YORK          :

                    **Ricorrente**          :  **CONSENSO AL**
                                              **PROCEDIMENTO DAVANTI**
                                             :  **AL MAGISTRATE JUDGE**
**Contro**                                    **FEDERALE**
                                             :
                                             :_____Civ._____(   )
**(   )**
                                             :
                    **Convenuto/i**          :
_____     :

Il sottoscritto CON LA PRESENTE STABILISCE QUANTO SEGUE:

1.    Tutte le parti acconsentono, ex Codice degli Stati Uniti (U.S.C.) 28 §636(c) e Regole di procedura civile (Fed.R.Civ.P.)73 che sia un Magistrate Judge a presiedere tutti i procedimenti ulteriori nella presente azione, ivi compresi dibattimento e sentenza finale.

2. Qualsivoglia appello alla sentenza di questa causa sarà presso la Corte d'Appello del secondo circuito come per le altre sentenze della corte federale di prima istanza ex U.S.C. 28 §636(c)(3)e Fed.R.Civ.P.73(c).

―――――――――                                          ―――――――――――

Avvocato/i del Ricorrente/i                              Avvocato del

Convenuto/i

Indirizzo                                                Indirizzo

Telefono                                                 Telefono


―――――――――                                          ―――――――――――

Avvocato/i                                               Avvocato

Indirizzo                                                Indirizzo

Telefono                                                 Telefono


    (Possono essere presentati moduli separati. Ved. Fed.R.Civ.P.73(b))

COSI' E' DECISO.

―――――――――

                    U.S.D.J. (District Judge U.S.)

Magistrate Judge_____assegnato a presente caso il_____

                              ―――――――――――――――――――

                              Per: Cancelliere Trib. Fed. Distr mer.

NY


SDNY Web 4/99

Una copia del presente Avviso deve essere notificata dal ricorrente a tutte le parti antagoniste insieme al ricorso, e parimenti allegata a qualsivoglia ricorso di terza parte notificato dal convenuto.

### DIRITTO AL PROCEDIMENTO DAVANTI AL MAGISTRATE JUDGE FEDERALE

Ex U.S.C. 28 §636(c) e Fed.R.Civ.P.73, e 73.1 del Regolamento civile locale del Distretto meridionale di New York (S.D.N.Y), il Magistrate Judge del Distretto meridionale di New York ha giurisdizione, con il consenso di tutte le parti, per condurre tutti i procedimenti della causa civile, inclusi dibattimenti con o senza giuria, e la facoltà di emettere la sentenza. Il dibattimento davanti a un Magistrate Judge ha lo stesso svolgimento di quello davanti a un giudice distrettuale (District Judge).

Il Magistrate Judge precedentemente nominato per il caso presiederà le sedute. Se non è stato nominato un Magistrate Judge, ne sarà estratto uno a sorte.

Ex U.S.C. 28 §636(c) e Fed.R.Civ.P.73(c), l'appello per un procedimento di consenso delle parti sarà presso la Corte d'appello del secondo circuito come per qualsivoglia sentenza della corte federale.

La decisione o meno del consenso al procedimento davanti a un Magistrate Judge ex §636(c) è assolutamente volontaria. Solo se tutte le parti in causa acconsentono al riferimento di cui sopra, sarà informato della decisione in oggetto il Giudice federale (District Judge) o il Magistrate Judge. Fed.R.Civ.P.73(b))

Se le parti in causa acconsentono al procedimento davanti a un Magistrate Judge, il modulo di consenso allegato sarà firmato da un legale per tutte le parti e presentato al Funzionario incaricato per le Sentenze (Judgment and Orders Clerk) Stanza 120 in Courthouse, 500 Pearl Street, ovvero la Stanza 167 di White Plains Courthouse. Possono essere presentati moduli separati. Ved. Fed.R.Civ.P.73(b)

## ISTRUZIONI IMPORTANTISSIME PER GLI AVVOCATI

................................................................

### **** Si prega di leggere immediatamente ****

Si prega di leggere e seguire scrupolosamente le istruzioni sul foglio allegato. Il vostro caso NON sarà aperto se non avrete seguito correttamente TUTTE le procedure richieste.

J.MICHAEL MCMAHON          **TRIBUNALE FEDERALE DI PRIMA ISTANZA**
WWW.NYSD.USCOURTS.GOV
CANCELLIERE                    DISTRETTO MERIDIONALE DI NEW YORK                    7 GIUGNO 2004
                           500 PEARL STREET, NEW YORK, NY 10007
                           300 QUARROPAS STREET, WHITE PLAINS, NY 10601

## Terza versione corretta delle istruzioni per l'inoltro elettronico di un caso o una richiesta di appello

*Importante:* il vostro nuovo caso è un caso inoltrato elettronicamente (caso ECF) e dovrete inoltrare i documenti elettronicamente e non presentare documenti cartacei (con le eccezioni presentate più avanti). Se non avete ancora una password ECF, dovete registrarvi subito (la procedura è gratis) sulla pagina CM/ECF del sito web del tribunale www.nysd.uscourts.gov. Si prega di seguire le istruzioni successive.

**Giudici ECF:**

| | | | | | | |
|---|---|---|---|---|---|---|
| Baer*** | Castel** | Griesa** | Knapp*** | McMahon* | Preska* | Stein |
| Batts* | Cedarbaum*** | Haight** | Koeltl* | Motley*** | Rakoff** | Swain |
| Berman** | Chin** | Hellerstein** | Kram***M | ukasey** | Robinson* | Sweet |
| Brieant* | Conner* | Holwell** | Leisure** | Owen*** | Sand*** | Wood |
| Buchwald** | Cote** | Jones** | Lynch** | Patterson** | Scheindlin** | Magi- |
| Carter*** | Daniels** | Kaplan* | Marrero** | Pauley** | Sprizzo*** | strate- |
| Casey** | Duffy*** | Keenan** | McKenna*** | Pollack** | Stanton*** | Judges* |

**\* Giudice ECF primo scaglione:** assegna casi nuovi inoltrati nel sistema ECF in o dopo il 2 dicembre 2003
**\*\* Giudice ECF secondo scaglione:** assegna casi nuovi inoltrati nel sistema ECF in o dopo il 1 marzo 2004
**\*\*\* Giudice ECF terzo scaglione:** assegna casi nuovi inoltrati nel sistema ECF in o dopo il 7 giugno 2004
**Annotazione importante sui casi non ECF:** I casi più vecchi inoltrati prima delle date indicate sopra, ovvero i casi Pro Se, Habeas Corpus, sicurezza  e previdenza sociale, controversie che coinvolgono più distretti, non saranno registrati elettronicamente e devono essere presentati su carta. Non registrare documenti elettronicamente nei casi che non competono al sistema ECF.

### Istruzioni

(1) Al momento in cui vengono aperti i casi elettronici, la notifica dei documenti che avviano la causa (ricorso, rimozione eccetera) avviene nel modo tradizionale, su carta.

**(2) Importante- Oltre alla notifica dei documenti che avviano la causa nel modo tradizionale, su carta, siete anche pregati di consegnare copie cartacee a tutte le altre parti dei seguenti documenti (copie disponibili presso la sede del tribunale e nel nostro sito web):**
**(a) Regolamenti individuali del giudice assegnato**
**(b) USDC/SDNY istruzioni per l'inoltro elettronico di un caso o appello (questo documento)**
**(c) USDC/SDNY Procedure per l'inoltro elettronico del caso**
**(d) USDC/SDNY Linee guida per l'inoltro elettronico del caso**

3) Entro 24 ore dall'assegnamento di un numero al caso, siete pregati di inviare al cancelliere del tribunale, per email, i documenti di avvio alla causa esclusivamente in formato Adobe Acrobat pdf. Se quanto sopra non viene eseguito entro le 24 ore, ci sarà un ritardo nell'archiviazione elettronica del vostro caso in un protocollo ECF. Includere anche una dichiarazione Regola 7.1 F.R.C.P. (ove applicabile) e tutte le prove. Nell'intestazione che contrassegna il caso appariranno il numero, le iniziali del giudice, e la dicitura "ECF CASE". Ciascun documento deve essere presentato in un file .pdf singolo le cui dimensioni non superino i 2.5 mega (se necessario dividere i file più grandi in diverse parti, con le appropriate denominazioni). Quando inviente l'email, l'oggetto dell'email e il nome del file .pdf devono elencare solo il numero del caso seguito dalla descrizione del documento (es. "Re: 01cv1234-complaint"). Inviare l'email (non inoltratela nel sistema ECF) a:

    a) per le nuove cause civili assegnate al Magistrate Judge, inviare per email una copia pdf dei documenti a:

           case_openings@nysd.uscourts.gov

    b) per le nuove cause civili assegnate al giudice di White Plains, inviare per email una copia pdf dei documenti a:

           wpclerk@nysd.uscourts.gov                    pag. 1 di 2

USDC/SDNY istruzioni per la registrazione di un caso o appello elettronici    pag. 2 di 2

(4) Inoltrare l'affidavit della notifica per i documenti di avvio causa (ricorso, rimozione ecc.) nella maniera seguente:

a) inoltrare elettronicamente l'affidavit della notifica per i documenti di avvio causa nel sistema ECF (non inviarli per email),
b) inoltrare l'affidavit della notifica originale con la citazione allegata nella maniera tradizionale, ovvero su carta presso la cancelleria

(5) Tutti i documenti successivi, ivi compresi la risposta del convenuto, devono essere inoltrati elettronicamente nel sistema ECF al link ecf.nysd.uscourts.gov. L'inoltro elettronico implica l'uso della vostra password ECF per protocollare l'oggetto direttamente nel sistema ECF. L'inoltro elettronico non è la stessa cosa dell'invio previa mail al Cancelliere. Leggere le Regole individuali del giudice per stabilire se sono richieste anche copie su carta per conoscenza.

(6) Gli appelli verranno assegnati al sistema ECF solo se anche il caso originale era stato inoltrato elettronicamente. Inoltrare l'appello nella maniera tradizionale, su cartaceo. Indi entro le 24 ore dall'inoltro della copia cartacea presso la sede del tribunale, dovete inviare per email al cancelliere del tribunale una copia elettronica dell'appello in formato .pdf. Includere le prove. Ogni documento deve apparire in un file pdf separato che non superi i 2,5 megabyte. Nell'intestazione che contrassegna il caso devono apparire il numero del caso presso il tribunale di prima istanza, le iniziali del giudice e la dicitura "ECF CASE".

Quando invierete l'email, l'oggetto dell'email e il nome del file .pdf devono elencare solo il numero del caso seguito dalla descrizione del documento (es. "Re: 01cv1234-appeal"). Inviare l'email (non inseritela nel sistema ECF) a:

                a)per gli appelli di casi ECF assegnati al Magistrate Judge, inviare per
                email una copia pdf dei documenti a:

            case_openings@nysd.uscourts.gov

                b)per gli appelli di casi ECF assegnati al giudice di White Plains, inviare
            per email una copia pdf dei documenti a:

            wpclerk@nysd.uscourts.gov

(7) Seguire tutte le regole per l'Inoltro elettronico del caso (disponibili al link www.nysd.uscourts.gov):

(a) SDNY Procedure per l'inoltro elettronico del caso
(b) SDNY Linee guida per l'inoltro elettronico del caso
c) Regolamenti individuali del giudice assegnato
d) Regolamento locale del tribunale, e
(e) Regole federali di procedura civile

✓ **Ulteriori informazioni sull'inoltro elettronico dei casi a www.nysd.uscourts.gov**

✓ Cliccare sulla pagina CM-ECF per le regole ufficiali dell'inoltro elettronico ECF, training, requisiti del computer, e altro.
✓ Gli avvocati devono usare la pagina "Registrazione avvocati" per registrarsi online e ottenere una password SDNY ECF (gratuita). La vostra password ECF sarà spedita al vostro indirizzo email. Per inoltrare elettronicamente i documenti dovrete avere una password ECF dal Tribunale di prima istanza SDNY.
✓ Registratevi ora per ottenere un account SDNY PACER qualora ancora non lo aveste. Telefonare (800) 676-6856, oppure vedere http://pacer.psc.uscourts.gov
✓ Effettuare l'inoltro elettronico dei documenti per i casi ECF su Internet a ecf.nysd.uscourts.gov
✓ Non avete un computer o uno scanner? Andate in tribunale con i documenti e la vostra password ECF e potrete usare i nostri computer messi a disposizione dell'utenza per inoltrare elettronicamente i vostri documenti. Telefonate a ECF Help Desk per avere ulteriori informazioni.
✓ ECF Help Desk è disponibile per le risposte alle tue domande su ECF dalle ore 8.30 alle 19.30 al numero (212) 805-0800, e dalle ore 8.30 alle ore 17.00 al numero (914) 390-4204. L'indirizzo email è help_desk@nysd.uscourts.gov

WWW.NYSD.USCOURTS.GOV

J.MICHAEL MCMAHON    **TRIBUNALE FEDERALE DI PRIMA ISTANZA**
WWW.NYSD.USCOURTS.GOV
CANCELLIERE        DISTRETTO MERIDIONALE DI NEW YORK        7 DICEMBRE 2003
            500 PEARL STREET, NEW YORK, NY 10007

### Linee guida per l'inoltro elettronico del caso (ECF)

Le linee guida fornite di seguito valgono per tutti i casi inoltrati elettronicamente e sono state redatte dal Cancelliere del Tribunale sotto l'autorità delle Procedure per la registrazione elettronica dei casi di questo Tribunale.

**Q. Qual è l'indirizzo Web del sistema di inoltro elettronico dei casi del Distretto Meridionale di New York?**

Il nuovo sistema di inoltro elettronico dei casi sarà messo in linea all'indirizzo http://ecf.nysd.uscourts.gov

**Q. Si deve usare Netscape Navigator o Internet Explorer per l'inoltro elettronico dei casi?**

Solo Netscape Navigator 4.6, 4.7 o Internet Explorer 5.5 sono stati certificati per l'uso con il programma di inoltro elettronico dei casi. Altri browser non sono stati certificati, e benché possano funzionare parzialmente, possono altresì causare errori durante il processo di inoltro.

**Q. Esiste un limite alla dimensione di un documento da inoltrare elettronicamente?**

Sì, esiste il limite di 2,5 megabyte (circa 50 pagine). Se il file è troppo grosso, il sistema non lo accetta. Si consiglia di separare i file troppo grossi in 2 o più parti ed etichettarli come evento singolo. Nominare ogni file come 1, 2, 3 ecc. In tutti i casi assegnati al sistema di inoltro elettronico, nessun singolo documento superiore a 15 megabyte (anche se diviso in file separati) può essere inoltrato elettronicamente senza il previo permesso del Tribunale.

**Q. Posso inoltrare documenti originali in copia cartacea passati allo scanner e convertiti in file .pdf?**

È possibile, ma... il sistema di inoltro automatico non accetta documenti singoli superiori a 2,5 megabyte (circa 50 pagine). Quando possibile, si dovrebbero creare file .pdf direttamente da un programma di elaborazione di testi. Quando si crea un file .pdf da un documento cartaceo passato allo scanner, la dimensione del file è sensibilmente maggiore, il che può impedire l'inoltro come documento singolo nel sistema di inoltro elettronico, oltre a occupare inutilmente la memoria del vostro computer. Inoltre, è più facile creare un file .pdf direttamente da un programma di elaborazione di testi.

**Q. Chi può registrare documenti nel sistema?**

L'inoltro elettronico (Procedure di inoltro elettronico dei casi, 8b) è permesso solamente agli avvocati che praticano nel Distretto Meridionale di New York che si siano registrati per l'utilizzo del sistema, o un "agente autorizzato" dell'utente che intende procedere all'inoltro. La responsabilità dell'inoltro si intende a carico dell'utente la cui password e il cui nome utente sono stati usati per l'inoltro stesso. Dovete prestare attenzione a chi permettete di usare il vostro account per l'inoltro elettronico. Gli avvocati possono registrarsi on line per accedere al sistema di inoltro elettronico all'indirizzo www.nysd.uscourts.gov

**Q. Un avvocato ammesso *pro hac vice* può inoltrare elettronicamente dei documenti?**

Sì. Subito dopo l'istanza che ammette *pro hac vice* l'avvocato, a questi viene richiesto di registrarsi come utente per l'uso del sistema di inoltro elettronico all'indirizzo www.nysd.uscourts.gov

**Q. Devo avere una password per usare ECF?**

Sì, e le password sono 2 – una per il sistema ECF e una per PACER. Per ottenere una password ECF dovete prima registrarvi come Utente per l'inoltro ECF SU www.nysd.uscourts.gov. Per ottenere una password PACER andate su http://ecf.nysd.uscourts.gov. Se già usufruite del servizio PACER, allora non dovrete fare nulla – la password e il login sono gli stessi.

**Q. Posso visualizzare su Internet sia i fascicoli penali che quelli civili?**

I fascicoli civili sono disponibili in modalità remota su Internet per chiunque disponga di un account PACER. I fascicoli penali sono disponibili in modalità remota su Internt solo per l'avvocato della causa. Di solito, tutti i fascicoli civili e penali possono essere visualizzati sui computer di utenza pubblica nella sede del tribunale.

**Q. Come posso iscrivere altri avvocati del mio studio in modo che possano ricevere avvisi elettronici sul mio caso?**

Aggiungendo i loro nomi come altri avvocati della causa (additional attorney of record). Tutti gli avvocati della causa riceveranno via email avviso degli inoltri per il loro caso. Il sistema ECF consente di inserire per ogni caso fino a due avvocati della causa. Naturalmente, i legali in questione devono essere utenti dell'inoltro ECF registrati.

**Q. L'intestazione del documento deve indicare che è stato inoltrato elettronicamente?**

Sì. (Procedure ECF SDNY, 8a).

**Q. Come posso sapere che il mio inoltro elettronico è andato a buon fine?**

Chi ha inoltrato il documento riceverà immediatamente un Avviso di inoltro elettronico, che deve essere conservato e/o stampato, in quanto funge da ricevuta. Potrete inoltre vedere un elenco di tutti coloro a cui è arrivata o meno la notifica elettronica. Inviare notifiche cartacee a chi non ha ricevuto avvisi elettronici è di competenza della parte che fa l'inoltro.

**Q. Cosa se succede se inoltro il documento sbagliato, oppure lo inoltro per un caso che non è il suo?**

In tutti i casi assegnati al sistema ECF, qualora venga inviato un documento per sbaglio, chi fa l'inoltro dovrà immediatamente avvisare per iscritto il cancelliere del tribunale, e detto funzionario chiederà assistenza al tribunale.

### Q. Come si firma un documento inoltrato elettronicamente?

La password e il nome utente dell'utente che procede alla registrazione assolvono la funzione di firma elettronica (Procedure di inoltro elettronico dei casi #8). L'utente che procede all'inoltro è tenuto ad apporre una S/ al posto della firma. Per tutte le altre persone, le firme debbono essere passate allo scanner per acquisire la firma originale fatta a penna.

### Q. Casi più vecchi verranno assegnati al sistema di inoltro elettronico?

No. Solamente i casi inoltrati dopo l'inaugurazione del sistema di inoltro elettronico sono soggetti a tale processo di inoltro. I casi inoltrati prima che il sistema fosse operativo non saranno convertiti in casi inoltrati elettronicamente. Sarà possibile visionare on line la fascicolatura dei casi più vecchi, ma non i documenti e il loro contenuto.

### Q. Quali casi saranno inoltrati elettronicamente?

Saranno inoltrati elettronicamente casi civili e penali inoltrati dopo il 1 dicembre 2003. Casi inerenti la previdenza sociale, habeas corpus e pro se non verranno assegnati al sistema di inoltro elettronico.

### Q. Quali giudici tratteranno casi inoltrati elettronicamente?

Tutti i Giudici di tribunale ("courts Judges") e i "Magistrate-Judges" potranno trattare casi inoltrati elettronicamente. Verranno aggiunti gruppi di giudici al sistema di inoltro elettronico in un periodo di 12 mesi. Il primo gruppo comprenderà i Giudici Batts, Brieant, Conner, Kaplan, Koeltl, McMahon, Kukasey, Preska, Robinson, Stein, Sweet, e tutti i Magistrate Judges del Tribunale. Alle parti verrà richiesto di attenersi alle regole individuali di ciascun giudice (disponibili sul sito Web del tribunale) per sapere se un determinato caso sarà assegnato al sistema di inoltro elettronico.

### Q. Come si visualizza un documento in un caso inoltrato elettronicamente?

Si deve usare un browser approvato (cfr. *supra*) e accedere all'indirizzo https://ecf.nysd.uscourts.gov . Cliccare su Query, inserire il numero del caso, cercare il documento che interessa, quindi cliccare sul collegamento blu di fianco al documento. Una copia elettronica del documento completo verrà visualizzata sul vostro computer. Se non è presente il collegamento blu, non esistono versioni elettroniche di quel documento.

### Q. L'inoltro elettronico ha conseguenze sulla scadenza per l'inoltro?

No. L'inoltro elettronico non cambia l'obbligo di attenersi alle Regole Federali e a qualsivoglia altra Regola Locale debba essere applicata. L'inoltro deve essere completato prima della mezzanotte (ora locale) affinché il caso venga considerato inoltrato in quella data (Procedure di inoltro elettronico dei casi 3c) (cfr. anche Regole individuali dei giudici).

### Q. Come si apre un caso inoltrato elettronicamente?

Per aprire un'azione civile si deve inoltrare il ricorso cartaceo presso il tribunale, pagare le relative spettanze, e notificare i documenti in maniera tradizionale, vale a dire in forma cartacea. (Cfr. Procedure di registrazione elettronica dei casi del Distretto Meridionale di New York, 1d). Quindi si deve inviare a mezzo posta elettronica (non inoltrare elettronicamente) una copia in formato .pdf di tutti i documenti inoltrati al Cancelliere del Tribunale entro 24 ore. Tutti i documenti devono riportare il numero del caso e il nome del Giudice assegnato. Inviare una copia di tutti i documenti registrati in formato .pdf al seguente indirizzo:

per casi assegnati a un Giudice di Manhattan: case_openings@nysd.uscourts.gov

per casi assegnati a un Giudice di White Plains: wpclerk@nysd.uscourts.gov

Il mancato invio a mezzo posta elettronica della copia in formato .pdf del ricorso al Cancelliere entro 24 ore può causare ritardi nell'aggiunta del caso alla fascicolatura elettronica del Tribunale.

**Q. È necessario notificare una copia delle Regole Individuali del Giudice assegnato assieme al ricorso?**

Sì. Copie delle Regole Individuali dei Giudici sono disponibili presso la Cancelleria del Tribunale e anche sul sito Web del Tribunale all'indirizzo www.nysd.uscourts.gov

**Q. Devo inoltrare un Ordine di comparizione e un affidavit della notifica in copia cartacea per il ricorso?**

Sì. Per i casi inoltrati elettronicamente, si deve inoltrare l'affidavit della notifica assieme all'ordine di comparizione originale in maniera tradizionale presso il tribunale, vale a dire in copia cartacea (Procedure di inoltro elettronico, 1d).

**Q. Devo inoltrare un affidavit della notifica per altri documenti del caso?**

No. Per tutti gli altri documenti inoltrati elettronicamente dopo il ricorso, il Cancelliere, automaticamente, trasmetterà a mezzo posta elettronica una Avviso di inoltro elettronico a tutti gli avvocati registrati come utenti del sistema di inoltro ECF. La trasmissione di detta Notifica avrà funzione di notifica tradizionale (Procedure di inoltro elettronico dei casi, 9).

**Q. Come viene fatta la notifica alla parte avversa se questa non è un utente registrato del sistema di inoltro ECF?**

Una volta terminato l'inoltro elettronico, l'utente che vi ha provveduto riceverà una ricevuta che deve essere stampata e conservata. La ricevuta comprende la lista delle persone raggiunte da notifica elettronica e di quelle raggiunte da notifica tradizionale. Il sistema ECF non esenta gli utenti che hanno proceduto a tale inoltro dagli obblighi previsti dalle Regole Federali di Procedura Civile e Penale in merito alla notifica a mezzo copia cartacea delle parti che non hanno ricevuto la notifica elettronica.

**Q. Nell'inoltrare una mozione, l'affidavit di supporto deve essere allegato o inoltrato come file separato?**

Le mozioni inoltrate elettronicamente devono essere inviate nel modo tradizionale. Gli affidavit di supporto e le prove che normalmente sarebbero inoltrati come allegati dell'istanza devono essere allegati anche all'istanza elettronica. Altri affidavit e memorandum di legge che sarebbero normalmente inviati separatamente dall'istanza devono essere inoltrati separatamente dall'istanza elettronica. Le prove allegate a un'istanza devono rispondere alle Procedure per l'inoltro elettronico dei casi del Tribunale, sezione 5. Gli estratti devono essere chiaramente identificati come tali.

**Q. Come si presentano prove non allegate a una mozione?**

Le Procedure per l'inoltro elettronico dei casi del Tribunale, sezione 5, prevedono che gli allegati e le prove debbano essere presentati in formato elettronico, a meno che il Tribunale non permetta l'inoltro in forma cartacea. Inoltre, devono essere presentati solamente gli estratti delle prove, indicati come tali, ritenuti di rilevante importanza. Si ricordi, inoltre, che esistono limiti alla dimensione dei file da inviare (cfr. p. 1). Una parte può richiedere il permesso per notificare e inoltrare documenti in copia cartacea che non possono essere a ragion veduta passati allo scanner.

**Q. Come si inoltra una proposta di ordine, sentenza o accordo?**

Proposte di ordine, sentenze e accordi non devono essere presentate attraverso il sistema di inoltro elettronico dei casi. Essi devono essere inviati a mezzo posta elettronica al Cancelliere. Le proposte di ordine devono essere presentate come documenti WordPerfect o Word anziché in formato .pdf. Gli accordi devono essere presentati in formato .pdf. e devono contenere tutte le firme richieste (l'ultimo firmatario può inviare l'accordo al Cancelliere a mezzo posta elettronica). Inviare proposte di ordine, sentenze o accordi al seguente indirizzo di posta elettronica:

per casi assegnati a un Giudice di Manhattan: orders_and_judgments@nysd.uscourts.gov

per casi assegnati a un Giudice di White Plains: wpclerk@nysd.uscourts.gov

**Q. Come si inoltra un'ordinanza di giustificazione?**

Per tutti i casi assegnati al sistema di inoltro elettronico, le ordinanze di giustificazione che chiedono una sospensione devono essere presentate in maniera tradizionale e di persona innanzi al Cancelliere.

Le ordinanze di giustificazione che non chiedono una sospensione devono essere inviate a mezzo posta elettronica (e non inoltrati nel sistema elettronico) al Cancelliere in formato WordPerfect o Word anziché in formato .pdf. Inviare le ordinanze di giustificazione al seguente indirizzo di posta elettronica:

per casi assegnati a un Giudice di Manhattan: orders_and_judgments@nysd.uscoursts.gov

per casi assegnati a un Giudice di White Plans: wpclerk@nysd.uscourts.gov

**Q. Come si inoltra un giudizio in contumacia?**

I giudizi in contumacia non si devono inoltrare attraverso il sistema elettronico. Essi devono essere inviati a mezzo posta elettronica al Cancelliere, in formato WordPerfect o Word anziché in formato .pdf. Inviare i giudizi in contumacia al seguente indirizzo di posta elettronica:

per casi assegnati a un Giudice di Manhattan: orders_and_judgments@nysd.uscoursts.gov

per casi assegnati a un Giudice di White Plans: wpclerk@nysd.uscourts.gov

**Q. Come si presenta una lettera?**

Nella maniera tradizionale, cioè in forma cartacea. Le lettere non si presentano attraverso il sistema ECF. (Cfr. anche le Regole Individuali di ciascun Giudice).

**Q. Saranno inoltrati elettronicamente anche documenti sotto sigillo?**

No. I documenti sigillati saranno inoltrati nella maniera tradizionale, cioè in forma cartacea.

**Q. Come si inoltra l'Avviso di appello?**

Per inoltrare un Avviso di appello è necessario inoltrare l'Atto in forma cartacea presso il tribunale, ivi compresa una copia del documento oggetto del ricorso, e pagare le relative spettanze. (Cfr. Procedure di registrazione elettronica dei casi del Distretto Meridionale di New York, 1d). Quindi è necessario inviare a mezzo posta elettronica (e non inoltrare elettronicamente) una copia in formato .pdf di tutti i documenti inoltrati al Cancelliere del Tribunale entro 24 ore. Tutti i documenti devono riportare il numero del caso della Corte Distrettuale e il nome del Giudice assegnatario. Inviare una copia di tutti i documenti inoltrati al seguente indirizzo di posta elettronica:

per casi assegnati a un Giudice di Manhattan: appeals@nysd.uscourts.gov

per casi assegnati a un Giudice di White Plains: wpclerk@nysd.uscourts.gov

Il mancato invio a mezzo posta elettronica della copia in formato .pdf dell'Avviso di appello al Cancelliere entro 24 ore può comportare ritardi nell'aggiunta del ricorso alla fascicolatura elettronica del Tribunale.

**Q. Qual è il documento "originale": la copia cartacea o la copia inoltrata elettronicamente?**

Quando un documento viene inoltrato elettronicamente, la registrazione ufficiale è quella elettronica conservata dal Tribunale, e la parte che procede all'inoltro elettronico è vincolata dal documento inoltrato (Procedure ECF, 3b).

**Q. Si devono conservare le copie cartacee originali dei documenti registrati elettronicamente?**

Sì. Per i dettagli, cfr. le PROCEDURE SDNY PER L'INOLTRO ELETTRONICO, sezione 7.

**Q. Si devono continuare a presentare copie di conoscenza?**

Sì, è necessario continuare con la pratica corrente. Se si vuole presentare una copia di conoscenza del documento in un caso non ECF, si deve inviare una copia di conoscenza dello stesso in un caso ECF. (Cfr. anche le Regole Individuali di ciascun Giudice).

**Q. Quando un avvocato lascia lo studio associato, come si cambiano le informazioni relative a detto avvocato nel sistema di inoltro elettronico dei casi?**

Inviare una notifica scritta al Cancelliere per l'Ammissione degli Avvocati ("Attorney Admissions Clerk"), 500 Pearl Street, NY, NY 10007.

**Q. E' previsto un help desk per il sistema di inoltro elettronico dei casi?**

Sì. È disponibile una linea telefonica dedicata dalle 8.30 alle 19.30 dal lunedì al venerdì al numero (212) 805-0800, e una dalle 8.30 alle 17 al numero (914) 390-4202. È inoltre possibile inviare richieste a mezzo posta elettronica all'indirizzo help_desk@nysd.uscourts.gov

**Q. Come si possono ricevere aggiornamenti in merito agli sviluppi futuri del sistema ECF?**

Registrandosi come Punto di Contatto ("Point of Contact – POC") all'indirizzo www.nysd.uscourts.gov si riceveranno messaggi periodici di posta elettronica relativi al sistema ECF. Non è necessario essere un avvocato per essere un POC.

**Q. Come si impara a usare il sistema ECF?**

Sul sito web del Tribunale è presente "ECF 101", un'introduzione on line al sistema ECF, oltre a materiale di esercitazione per utenti principianti e avanzati. Visitate l'indirizzo www.nysd.uscourts.gov

Corte Distrettuale degli Stati Uniti
Distretto Meridionale di New York


Procedure per l'inoltro elettronico dei casi


6 marzo 2003

## Procedure per l'inoltro elettronico dei casi

**Procedure per l'inoltro elettronico dei casi**

Il Tribunale accetterà l'inoltro elettronico di documenti presentati, firmati o verificati attraverso mezzi elettronici che si attengano alle seguenti procedure.

### 1. Attribuzioni dell'inoltro elettronico

(a) Il Tribunale designerà i casi da assegnare al Sistema di inoltro elettronico. Fatta eccezione per i casi conclamati e in circostanze eccezionali che non permettono a un Utente di procedere all'inoltro elettronico, tutte le petizioni, istanze, memorandum di legge o altre richieste e documenti che devono essere registrati presso il Tribunale in un caso assegnato al Sistema di inoltro elettronico devono essere inoltrati elettronicamente. I documenti possono essere inoltrati elettronicamente (i) da una postazione remota, (ii) portandoli alla Cancelleria in orario di ufficio, nella forma o formato elettronico indicato dal Cancelliere per l'inserimento nel sistema, o (iii), ove permesso dal Tribunale, portando le copie cartacee in Cancelleria in orario di ufficio affinché siano passati allo scanner e quindi inseriti nel sistema.

(b) Se non limitati da clausole in casi civili, le indicazioni per le procedure di inoltro elettronico si applicano a casi penali che sono iniziati con l'inoltro di un'accusa scritta o di un'informazione. Le procedure di inoltro elettronico non si applicano per mandati di arresto, di perquisizione e di sorveglianza elettronica: per altre ordinanze in supporto di o a corollario di indagini criminali; o a procedimenti relativi al "Grand Jury".

(c) Le procedure di inoltro elettronico non si applicano a casi inerenti la Previdenza e la Sicurezza Sociale.

(d) L'inoltro e la notifica delle carte di apertura di un caso civile, ivi compresi il ricorso, l'emissione dell'ordine di comparizione e la relata di notifica dell'ordine di comparizione e del ricorso, come la notifica a soggetti che non costituiscono parte sub poena, devono essere effettuati nella maniera tradizionale, cioè in copia cartacea, secondo quanto disposto dalle Regole Federali di Procedura Civile e da qualsivoglia vigente Regola Locale, piuttosto che elettronicamente. In un caso penale, l'accusa scritta ovvero le informazioni, ivi comprese tutte quelle che si succederanno (superseders), devono essere inoltrate e consegnate al convenuto in maniera tradizionale, cioè in copia cartacea secondo quanto disposto dalle Regole Federali di Procedura Penale e qualsivoglia vigente Regola Locale, piuttosto che elettronicamente. Inoltre, la notifica di subpoena dovrà essere effettuata in maniera tradizionale, cioè in forma cartacea, secondo quanto disposto dalle Regole Federali di Procedura Penale e qualsivoglia vigente Regola Locale. In un caso assegnato al sistema di inoltro elettronico dopo che detto caso è stato aperto, le parti devono prontamente fornire al Cancelliere copie elettroniche di tutti i documenti forniti precedentemente in forma cartacea. Tutti i documenti successivi devono essere inoltrati elettronicamente, eccezion fatta per quei procedimenti per i quali il Tribunale abbia disposto diversamente.

### 2. Ammissibilità, Registrazione, Password

(a) Gli avvocati del foro del presente tribunale, compresi quelli ammessi pro hac vice e i legali autorizzati a rappresentare gli Stati Uniti, possono registrarsi o possono essere obbligati a farlo come Utenti del sistema ECF del tribunale. A meno della dispensa della corte, gli avvocati che non sono ancora Utenti dell'inoltro elettronico e che dovranno comparire in casi assegnati al Sistema devono registrarsi come Utenti immediatamente al momento dell'inserimento della causa nel sistema. La registrazione avviene tramite un modulo fornito dalla cancelleria, i cui campi obbligatori sono il nome dell'utente, l'indirizzo, il numero di telefono, l'indirizzo email e

una dichiarazione che attesti che l'avvocato è iscritto al foro del presente tribunale ovvero autorizzato a rappresentare gli Stati Uniti.

(b) Se la Corte lo consente ovvero lo richiede, una parte di una causa civile pendente che non ha un avvocato può registrarsi come Utente nel Sistema al solo fine della causa di cui sopra. La registrazione avviene tramite un modulo fornito dalla cancelleria, i cui campi obbligatori sono l'identificazione della causa di cui sopra, il nome dell'utente, l'indirizzo, il numero di telefono, e l'indirizzo email della parte. Qualora nel corso del procedimento la parte impegna un legale per la sua difesa, lui stesso dovrà avvisare la cancelleria affinché interrompa la registrazione della parte come Utente al momento della sua entrata in campo.

(c) Una volta completata la registrazione, l?utente riceverà notifica con login e password. Gli Utenti devono impegnarsi nella protezione della sicurezza delle loro password, per cui avviseranno immediatamente la cancelleria qualora venissero a sapere che le loro password sono state manomesse. Gli Utenti che non rispettano questa disposizione sono passibili di sanzioni.

(d) In una causa civile, il cancelliere autorizzerà, in qualità di Utenti ai quali è stato trasmesso l'Avviso di inoltro elettronico, (i) tutti gli avvocati identificati nella Copertina Casi Civili nonché (ii) tutti gli avvocati che si sono aggiunti successivamente nel corso della causa ed hanno presentato richiesta per la notifica elettronica (che può essere presentata con mezzi elettronici). In una causa penale, il cancelliere autorizzerà, in qualità di Utenti ai quali è stato trasmesso l'Avviso di inoltro elettronico - e che saranno autorizzati all'accesso all'archivio elettronico per recuperare i documenti della causa - gli avvocati che rappresentano gli Stati Uniti identificati nel modulo di denominazione della causa penale (Criminal Designation Form) ovvero successivamente identificati come rappresentanti degli Stati Uniti nella causa in questione e tutti gli avvocati che presentano un avviso di intervento (Notice of Appearance) a difesa di un convenuto. Gli avvisi relativi a convenuti penali saranno presentati in maniera tradizionale, su carta.

(e) Un avvocato di una causa già avviata (attorney of record) può, con richiesta scritta o elettronica al cancelliere, ottenere che sia interrotta la trasmissione di Avvisi di inoltro elettronico a un avvocato del suo studio.

## 3. Conseguenze dell'Inoltro elettronico

a) Con l'eccezione di quanto altrimenti disposto nella procedura 4 di cui al presente documento, l'inoltro elettronico di un documento nel Sistema conforme a queste procedure, insieme alla trasmissione di un Avviso di inoltro elettronico da parte del tribunale, è di fatto la presentazione del documento stesso per tutto quanto attiene alle Regole federali di procedura civile, alle Regole federali di procedura penale, e il Regolamento locale del presente tribunale e costituisce l'inserimento del documento nel protocollo presso la cancelleria come da Regole procedura civile 58 e 79 e Regole di procedura penale 49 e 55.

b) Quando un documento viene inoltrato con mezzi elettronici, l'archiviazione ufficiale sarà quella elettronica presso la memoria del tribunale (con l'eccezione di cui alla procedura 4 più avanti), e la parte che presenta il documento sarà assegnata al documento stesso al momento del'inoltro. Con l'eccezione del caso in cui i documenti vengano prima presentati in forma cartacea e solo successivamente in forma elettronica come da procedura 1, un documento inoltrato elettronicamente viene considerato archiviato a tutti gli effetti nel giorno e ora fissati nell'Avviso di inoltro elettronico del tribunale.

(c) L'inoltro elettronico di un documento non cambia la scadenza della presentazione per detto documento. Affinché si consideri effettivamente presentato nell'ultimo giorno utile, la procedura deve essere portata a termine prima della mezzanotte ora locale della sede del tribunale

(d) Le pratiche dei singoli giudici dovranno essere seguito tenendo in considerazione la consegna delle copie.

## 4. Inserimento delle sentenze della corte

(a) Tutti gli ordini, decreti, sentenze e procedimenti della Corte saranno presentati secondo le procedure in questione e inserite nel protocollo presso la cancelleria come da Regole procedura civile 58 e 79 e Regole di procedura penale 49 e 55. Ciascun documento firmato dal giudice verrà passato allo scanner in modo da avere la riproduzione dalla firma del giudice e verrà archiviato elettronicamente dal tribunale, mentre l'originale firmato dal giudice verrà archiviato dal cancelliere del tribunale. Nel caso di discrepanza tra la copia elettronica e l'originale manuale, farà fede l'originale con la firma manuale.

(b) Un Utente del sistema di inoltro, che presenta un documento in modo elettronico per il quale è richiesta la firma del giudice, deve immediatamente provvedere alla consegna del documento in altra forma prevista dal tribunale, ove sia possibile.

## 5. Allegati e Prove

Gli Utenti devono presentare in forma elettronica tutti i documenti che costituiscono prove e allegati, a meno che la Corte non consenta il cartaceo. Un Utente deve presentare come prove o allegati soltanto quelle parti dei documenti in oggetto che sono rilevanti per la materia trattata dalla Corte. Il materiale così selezionato deve essere chiaramente identificato ed evidenziato come tale. Gli Utenti che presentano parti di documento come prove o allegati come dalla presente procedura faranno ciò senza pregiudizio alcuno ai loro diritti di presentare entro i limiti di tempo previsti ulteriori estratti ovvero l'intero documento. Le parti che presentano risposte possono presentare entro i limiti temporali previsti estratti che ritengono rilevanti ovvero l'intero documento. Una parte può spostarsi per poter notificare e presentare i documenti che non possono evidentemente essere scannerizzati. Nei casi in cui si debba inoltrare al tribunale la registrazione di un procedimento amministrativo o altro precedente, tale registrazione deve essere notificata e inoltrata senza aspettare mozione e ordine della corte.

## 6. Documenti sigillati

I documenti posti sotto sigillo non possono essere inoltrati in modo elettronico a meno che non ci sia una specifica autorizzazione del tribunale. La mozione per la presentazione dei documenti sotto sigillo deve essere inoltrata elettronicamente a meno che non sia proibito dalla legge; in ogni modo tale mozione deve essere accompagnata da una dichiarazione sul perché l'inoltro non elettronico deve essere fatto in copia cartacea. L'ordine della corte che autorizza l'inoltro dei documenti posti sotto sigillo deve essere fatta in via elettronica a meno che non sia proibito dalla legge. Ai documenti sotto sigillo deve essere allegata una copia cartacea dell'ordine e consegnata in cancelleria.

## 7. Requisiti per la conservazione

I documenti che vengono inoltrati elettronicamente e che hanno come requisito le firme originali oltre a quella dell'Utente, devono essere conservati in forma cartacea dall'Utente fino ad un anno dopo le ultime scadenze per gli appelli, con l'eccezione delle dichiarazioni sostitutive di atto notorio, le dichiarazioni e le relate di notifica, che devono essere conservate in

forma cartacea dall'Utente fino a cinque anni dopo la scadenza ultima per gli appelli. Su richiesta della corte, l'Utente dovrà fornire i documenti originali per il riesame.

**8. Firme**

a) Il login e password utente richiesti per l'inoltro dei documenti nel Sistema fungono come firma dell'Utente su tutti i documenti elettronici presentati in tribunale. Inoltre fungono da firma ai sensi delle Regole federali di procedura civile, compresa la 11, le Regole federali di procedura penale, le Regole locali di questo tribunale, e per ogni altro scopo che prevede una firma relativamente alle procedure del tribunale. Ogni documento inoltrato in via elettronica deve indicare che è stato sottoposto a tale procedura. I documenti presentati elettronicamente devono includere un blocco firma che comprenda il nome, l'indirizzo, il numero di telefono e (tranne che per le cause penali) il numero dell'avvocato, conformemente alla Regola Locale di procedura civile 11.1. Inoltre, il nome dell'Utente che presenta il documento con i suoi login e password deve essere preceduto da una "s" stampata nello spazio dove altrimenti comparirebbe la firma.

b) Né l'Utente né altri possono in modo consapevole consentire o fare in modo che sia consentito l'uso della password dell'Utente da altri che non sia un rappresentante autorizzato dell'Utente stesso.

c) Un documento che richieda la firma del convenuto in una causa penale può essere inoltrato elettronicamente solo in formato scannerizzati che riproduca l'immagine della firma del convenuto.

(d) I documenti che richiedano le firme di più di una parte devono essere inoltrati elettronicamente con queste modalità: (1) presentazione di un documento scannerizzato con tutte le firme richieste; (2) presentazione del consenso delle altre parti sul documento; (3) identificazione sul documento delle parti di chi si richiedono le firme e presentazione di un avviso di approvazione delle altre parti entro e non oltre i tre giorni lavorativi successivi alla presentazione; o (4) altre modalità approvate dalla corte.

**9. Notifica di documenti con mezzi elettronici**

La trasmissione dell'Avviso della cancelleria del tribunale dell'inoltro elettronico di un documento costituirà la notifica di tale documento per gli Utenti della causa in oggetto. Rimarrà l'obbligo per l'avvocato di una parte di aggiornare regolarmente il protocollo relativo al caso. Gli avvocati e le parti pro se che non sono ancora Utenti riceveranno la notifica su copia cartacea di ogni documento presentato elettronicamente ovvero altro documento. La notifica di tale copia cartacea sarà eseguita secondo le Regole federali di procedura civile, le Regole federali di procedura penale e le Regole locali.

**10. Notifica di sentenze e ordini della corte**

Contestualmente al momento dell'inserimento di un ordine o sentenza di un procedimento assegnato al Sistema di inoltro elettronico, il cancelliere trasmetterà agli Utenti della causa, in forma elettronica, un Avviso di presentazione elettronica. La trasmissione elettronica di tale Avviso costituisce la notifica prevista da Fed.R.Crim.P. 49(c) e Fed.R.Civ. 77(d). Rimarrà l'obbligo per l'avvocato di una parte di aggiornare regolarmente il protocollo relativo al caso. Il cancelliere dovrà avvisare in forma cartacea chi non è Utente come da Regole federali di procedura civile e Regole federali di procedura penale.

**11. Problemi tecnici**

Un utente che non riesce a completare in tempo la presentazione a causa di problemi tecnici può ottenere dalla Corte adeguata riparazione.

**12. Accesso all'utenza**

Si possono riesaminare i documenti presentati nella cancelleria qualora non siano stati posti sotto sigilli dalla Corte. Si può inoltre accedere al Sistema dal sito internet del tribunale www.nysd.uscourts.gov dopo aver ottenuto un login e password PACER. Chiunque abbia un accesso PACER può recuperare i protocolli delle cause civili e penali e i documenti di una causa civile, mentre solo un legale che rappresenta il governo e un convenuto può accedere ai documenti di un caso penale. Solo un Utente di cui alla procedura 2 può archiviare i documenti.

21 marzo 2001

## PROCEDURE INDIVIDUALI DEL MAGISTRATE JUDGE DEBRA FREEMAN

Se non diversamente stabilito dal Giudice Freeman, il procedimento da lei presieduto viene condotto secondo le seguenti indicazioni.

(Dette procedure si applicano a procedimenti presieduti dal Giudice Freeman esclusivamente nei casi in cui il procedimento rientri tra le competenze dell'Ordinanza di Riferimento del Giudice Distrettuale o se il caso è stato portato innanzi al Giudice Freeman dietro consenso delle parti secondo quanto previsto dall'Art. 28 del Codice degli Stati Uniti ("United States Code – U.S.C.") § 636(c). In caso contrario, si applicano le procedure del Giudice Distrettuale al quale è stato assegnato il caso.)

### 1. Comunicazioni con le Sezioni

**A. Lettere.** Le copie delle lettere alle sezioni devono essere inviate contestualmente a tutti gli avvocati. Copie della corrispondenza tra gli avvocati non debbono essere inviate al tribunale.

**B. Telefonate.** Oltre a quanto previsto dal Paragrafo 1(D) sotto riportato, sono consentite telefonate alle sezioni. Per questioni non inerenti la fascicolazione, la programmazione delle udienze o la calendarizzazione, chiamare il numero 805-4250.

**C. Fax.** È consentito l'invio di fax alle sezioni solamente se contestualmente vengono inviate copie dello stesso fax a tutti gli avvocati. Non è consentito l'invio di documenti lunghi più di 5 pagine senza previa autorizzazione. Non è richiesto l'invio della copia originale. Il numero di fax da utilizzare è 805-4258.

**D. Fascicolazione, programmazione delle udienze e calendarizzazione.** Per questioni inerenti fascicolazione, la programmazione delle udienze o la calendarizzazione contattare Ms. Ivy Siwik al numero 805-4250 tra le 9 e le 16.30.

**E. Richieste di aggiornamento o di proroga.** Le richieste di aggiornamento o di proroga debbono indicare: (1) la data originale, (2) il numero della precedente richiesta di aggiornamento o proroga, (3) se le precedenti richieste sono state accolte o respinte, e (4) se la parte avversa acconsente, e, in caso contrario, le ragioni addotte dalla parte avversa per giustificare il rifiuto. Se l'aggiornamento o la proroga richiesti interessano altre date già in calendario, è necessario allegare la proposta di una Revisione dell'ordine di calendarizzazione (riportante solo i giorni lavorativi). Se la richiesta riguarda l'aggiornamento di un'apparizione innanzi al tribunale, fatte salve le emergenze, detta richiesta deve essere presentata almeno 48 ore prima dell'orario e della data stabiliti.

### 2. Mozioni

**A. Conferenze pre-istanza in casi civili.** Per la richiesta mozioni di discovery attenersi a quanto previsto dalla Regola locale procedure civili (Local Civil Rule) 37.2. Per mozioni di natura diversa non sono richieste conferenze pre-istanza.

**B. Copie di conoscenza.** Copie di conoscenza di tutte le carte relative all'istanza, identificate come tali, dovranno essere sottoposte all'attenzione delle sezioni.

**C. Memorandum di legge.** Previa concessione del permesso, i memorandum di legge a sostegno e in opposizione alle mozioni sono limitati a 25 pagine, e i memorandum di replica sono limitati a 10 pagine. I memorandum di 10 o più pagine devono contenere l'indice degli argomenti.

**D. Invio delle carte relative alla mozione.** Le carte per la mozione, l'opposizione e la replica debbono essere inviate immediatamente dopo la notifica, e copie di conoscenza debbono essere contestualmente inviate alle sezioni.

**E. Difese orali in merito all'istanza.** Le parti possono fare richiesta di difese orali tramite lettera contestualmente all'invio delle lettere di mozione di opposizione e di replica. Il tribunale stabilirà se le difese orali debbano tenersi e, nel caso, daranno notifica della data agli avvocati.

### 3. Procedure pre-dibattimentali

**A. Ordini pre-dibattimentali congiunti in cause civili.** Fatte salve ordinanze diverse del Tribunale, entro 30 giorni dopo il completamento della "discovery", le parti sono tenute a inviare al Tribunale, affinché lo approvi, un ordine pre-dibattimentale congiunto contenente le seguenti informazioni:

i.    l'intestazione completa dell'azione;

ii.   i nomi, indirizzi (compresi i nomi degli studi), numeri di telefono e fax dell'avvocato del dibattimento;

iii.  una breve dichiarazione del ricorrente in merito alle basi della competenza per materia, e una breve dichiarazione di ciascuna altra parte in merito alla presenza o assenza di giurisdizione in materia. Dette dichiarazioni debbono includere le citazioni agli statuti di riferimento e fatti pertinenti quali cittadinanza e il discrimine giurisdizionale delle cifre complessive del dibattimento;

iv.   un riassunto conciso prodotto da ciascuna parte delle rivendicazioni e delle difese della parte che ancora devono essere discusse, senza escussione delle prove ma comprendente le citazioni degli statuti di riferimento. Detti riassunti debbono identificare tutti le richieste di risarcimento e le difese asserite in precedenza che non siano ancora state discusse;

v.    una dichiarazione di ciascuna parte in merito alla presenza o meno della giuria, e in merito al numero di giorni di processo necessari;

vi.   una dichiarazione in merito all'accordo o al mancato accordo tra le parti sulla conduzione del dibattimento da parte di un "magistrate judge" (senza rivelare quale parte o parti abbiano negato l'assenso);

vii.  qualsivoglia dichiarazione di accordo o convergenza dei fatti sui quali le parti abbiano raggiunto un accordo;

viii. una dichiarazione di ciascuna delle parti in merito ai testimoni la cui testimonianza debba essere resa nel proprio "case in chief" (con l'onere della prova), indicando se detti testimoni testimonieranno in prima persona o tramite deposizione;

ix.   una designazione di ciascuna parte della deposizione testimoniale da rendere nel proprio "case in chief", con designazioni incrociate e obiezioni di qualsivoglia altra parte;

x.    una lista di ciascuna parte delle prove da mostrare nel proprio "case in chief", con un asterisco accanto alle prove che, sulla base della loro autenticità, non incontrano l'obiezione di alcuna delle parti, e due asterischi accanto alle prove che non incontrano l'obiezione di alcuna delle parti sulla base di nessun elemento in particolare.

**B. Consegna anteriore al processo in cause civili.** Fatte salve diverse ordinanze del Tribunale, ciascuna parte è tenuta a consegnare, 15 giorni prima della data d'inizio del processo (nel caso in cui tale data sia stata fissata), o 30 giorni dopo la consegna dell'Ordine pre-dibattimentale definitivo nel caso la data del processo non sia stata fissata:

i.   in cause per le quali è prevista la presenza di una giuria ("jury cases"), le domande di istruzione o quelle proposte della fase voir dire (per determinare la competenza dei giurati). Quando fattibili, le istruzioni proposte per la giuria dovranno essere inoltrate su un floppy disk da 3,5" in formato WordPerfect versione 5.1 o superiore;

ii.  in cause per le quali non è prevista la presenza di una giuria ("non-jury cases"), una dichiarazione degli elementi di ciascun reclamo o difesa inerenti la parte, assieme a un riassunto dei fatti sui quali si basa l'assunzione di ciascun elemento;

iii. in qualsivoglia tipo di causa, le istanze che si rivolgono a qualsivoglia assunzione delle prove che dovrebbero essere risolte *in limine*; e

iv.  per tutte le cause che, secondo il parere delle parti, ne trarrebbero beneficio, un memorandum pre-dibattimentale.