LITTLETON JOYCE
UGHETTA PARK & KELLY LLP
1 Manhattanville Road, Suite 302
Purchase, New York  10577
Tel: (914) 417-3400
Fax: (914) 417-3401
Attn:   Bryon L. Friedman, Esq. (BF-5752)
          Email: Bryon.Friedman@LittletonJoyce.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
MERCK EPROVA AG,                                             :     Case no. 07 Civ. 5898 (RJS)
                                                              :
                    Plaintiff,                                :
                                                              :
            -against-                                         :
                                                              :
GNOSIS S.P.A. and GNOSIS BIORESEARCH S.A.,                    :
                                                              :
                    Defendants.                               :
------------------------------------------------------------------------- x

# Declaration in Support of Defendants' Motion under
# Fed. R. Civ. P. 12(b)(2) to Dismiss the First Amended Complaint for
# Lack of Personal Jurisdiction

BRYON L. FRIEDMAN, an attorney duly admitted to practice law before this Court, declares the following under the penalties of perjury:

1.  I am a member of the firm LITTLETON JOYCE UGHETTA PARK & KELLY LLP, attorneys for the defendants GNOSIS S.P.A. ("Gnosis") and GNOSIS BIORESEARCH S.A. ("Bioresearch") (collectively, "Defendants") in this action, and I am fully familiar with the following facts based on my office's legal file.

2.  I submit this declaration on the Defendants' behalf in support of their motion under FED. R. CIV. P. 12(b)(2) to dismiss the amended complaint based on lack of jurisdiction.

2011597

## Procedural Status

3. The plaintiff Merck Eprova AG ("Merck Eprova") commenced this action by filing a complaint on or about June 21, 2007. Merck Eprova thereafter filed an amended complaint on or about October 22, 2007. A copy of the amended complaint is annexed hereto as Exhibit A.

4. Merck Eprova and the Defendants thereafter entered a stipulation under which:

   a. The Defendants agreed to accept service of process.

   b. The parties agreed to a briefing schedule for this motion.

A copy of the parties' stipulation is annexed as Exhibit B.

## Underlying Facts

5. No party to this action is connected to New York. The Merck Eprova is a Swiss corporation with its principal place of business in Switzerland.[1] Gnosis is an Italian corporation located in Italy,[2] and Bioresearch is a Swiss corporation located in Switzerland.[3] The amended complaint does not identify any transaction, any conduct, or any connection by the defendants with New York.

### *The Defendants and their Businesses*

6. As can be seen from the annexed affidavit of Gnosis's principal, Renzo Berna, Gnosis is an Italian corporation based in Italy. It has no operations in the United States. It does not maintain any offices, employees, telephone numbers, or bank accounts in New York. It has no agents in New York. It is not licensed to do business in New York. It does not sell its product to

---

[1] First Amended Complaint ("Amended Complaint"), ¶ 2, p. 2.
[2] Amended Complaint, ¶ 3, p. 2.
[3] Amended Complaint, ¶ 3, p. 2.

anyone in New York. Its only sales in the United States are to distributors, none of whom are located in New York. When a distributor resells Gnosis's product, it labels the product. Gnosis does not prepare labels for its product when sold by a distributor. Gnosis engages in no advertising in the traditional sense. Its only promotional activities are through direct communications with its distributors, and by a non-interactive website (www. gnosis-bio.com).

7. As can be further seen from the annexed affidavit of Gnosis's principal, Renzo Berna, Bioresearch is a Swiss corporation located solely in Switzerland. It is a wholly-owned subsidiary of Gnosis. It manufactures Gnosis's products. It has no operations in the United States. It does not maintain any offices, employees, telephone numbers, or bank accounts in New York. It has no agents in New York. It is not licensed to do business in New York. Bioresearch has one customer — Gnosis. It does not sell any product to any buyer other Gnosis. It does no advertising, marketing, or labeling.

*The Amended Complaint*

8. Merck Eprova's amended complaint raises claims alleging false advertising, contributory false advertising, and false description and representation claims under Section 43(a) of the Lanham Act;[4] a common law unfair competition claim; a deceptive trade practices claim under New York General Business Law § 349(h); and a false advertising claim under New York General Business Law § 350-e(3).

*Jurisdictional Allegations*

9. In the amended complaint, Merck Eprova alleges grounds for exercising jurisdiction over the defendants solely based on long-arm principles:

---

[4] 15 U.S.C. § 1125(a).

> 6. This Court has personal jurisdiction over the Defendant because the Defendant transacts business within the State of New York, contracts to supply goods or services in the State of New York, and has engaged in tortious acts within the State of New York.[5]

The amended complaint does not contain any allegations suggesting that the defendants would be subject to jurisdiction under traditional bases.

10. The other portions of the amended complaint that touch on jurisdictional issues contain only bland, conclusory allegations without any detail.

> a. In paragraph 33, Merck Eprova claims that the defendants sell their products "into the United States and into New York State, in particular"[6] Other than identifying Gnosis's Georgia-based distributor AHD International LLC ("AHD"),[7] Merck Eprova does not describe any sales by the defendants into the United States. It similarly does not identify any New York customers or any New York business transactions.
>
> b. In paragraph 51, Merck Eprova says that the defendants "performed … acts globally, as well as within the United States and the State of New York."[8] But it does not describe any acts that Merck Eprova performed in New York, and it does not describe any entry by the defendants into New York, either directly or by an agent.
>
> c. In paragraph 57, Merck Eprova says that the defendants' actions "could expose the general public, including the United States and New York consumers, to

---

[5] Amended Complaint, ¶ 6.
[6] Amended Complaint, ¶ 33.
[7] Amended Complaint, ¶ 40.
[8] Amended Complaint, ¶ 51.

dangerous medical implications."[9]  But it does not say that any such results have occurred, and it does not claim that *it* has suffered any damage in New York.

   d. In paragraphs 92, 93, 98, and 99, Merck Eprova claims that the defendants engaged "in willful deceptive acts or practices in New York against Merck [Eprova] and the public" through a series of activities, including false advertising and statements.[10]  But it does not describe a single specific instance of New York-based conduct or consequences.

11. The amended complaint's damage allegations likewise lack any demonstration of New York consequences.  The amended complaint contains a several allegations of damage it has (or may have) suffered, but Merck Eprova makes no attempt to show that it suffered any of that "damage" in New York.

WHEREFORE, the defendants respectfully ask this Court to enter an order under FED. R. CIV. P. 12(b)(2) dismissing the complaint for lack of *in personam* jurisdiction, together with such other and further relief as may be just and proper.

Dated: Purchase, New York
       February 1, 2008

                                                   /s/
                                          Bryon L. Friedman (BF 5752)

---

[9] Amended Complaint, ¶ 57.
[10] Amended Complaint, ¶ 92, 93, 98, and 99.