LITTLETON JOYCE
UGHETTA PARK & KELLY LLP
1 Manhattanville Road, Suite 302
Purchase, New York  10577
Tel: (914) 417-3400
Fax: (914) 417-3401
Attn:   Bryon L. Friedman, Esq. (BF-5752)
         Email: Bryon.Friedman@LittletonJoyce.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
MERCK EPROVA AG,                                   :    Case no. 07 Civ. 5898 (RJS)
                                                    :
                 Plaintiff,                         :
                                                    :
           -against-                                :
                                                    :
GNOSIS S.P.A. and GNOSIS BIORESEARCH S.A.,          :
                                                    :
                 Defendants.                        :
-------------------------------------------------------------------- x

# Defendants' Memorandum of Law in Reply on Motion under Fed. R. Civ. P. 12(b)(2) to Dismiss the First Amended Complaint for Lack of Personal Jurisdiction

**LITTLETON JOYCE UGHETTA PARK & KELLY LLP**
Attorneys for Defendants
1 Manhattanville Road, Suite 302
Purchase, New York 10577
(914) 417-3400

Of Counsel:
    Bryon L. Friedman, Esq.

2012683

# Table of Contents

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

Preliminary Statement ........................................................................................................ 1

Argument ............................................................................................................................ 1

   1. Merck Eprova's Empty Arguments do not Support Any Finding that Jurisdiction Exists ................................................................................................................... 1

   2. Gnosis is not Subject to "Presence" Jurisdiction under CPLR 301 ........................... 3

      A. AHD is "Present" in Georgia, not New York ............................................ 3

      B. Gnosis did not Own or Control AHD ........................................................ 4

   3. Gnosis did not Engage in a Transaction in New York that would Afford Jurisdiction under CPLR 302(a)(1) ............................................................................... 5

   4. The Independent Distributor's Activities do not Support Jurisdiction as against Gnosis .................................................................................................................. 7

   5. The Complaint does not Allege Jurisdiction under CPLR 302(a)(3) ....................... 8

   6. The Stream of Commerce Theory is Invalid .............................................................. 9

   7. Merck Eprova's Showing does not Warrant Jurisdictional Discovery ..................... 9

Conclusion ........................................................................................................................ 10

# Table of Authorities

**Federal Cases**

*A. I. Trade Finance, Inc. v. Petra Bank*,
  989 F.2d 76 (2d Cir. 1993). .................................................................................................. 1, 2

*Alto Products Corp. v. Ratek Industries Ltd.*,
  40 U.S.P.Q. (BNA) 1738; 1996 U.S. Dist. LEXIS 12812 (S.D.N.Y. 95 Civ. 3314-LMM Aug.
  29, 1996). ................................................................................................................................ 5, 6

*American Network v. Access America/Connect Atlanta, Inc.*,
  975 F. Supp. 494 (S.D.N.Y. 1997). ............................................................................................ 2

*Asahi Metal Industry Co., Ltd. v. Superior Court of California*,
  480 U.S. 102 (1987). .................................................................................................................. 9

*Best Van Lines, Inc. v. Walker*,
  490 F.3d 239 (2d Cir. 2007). .................................................................................................... 10

*Burndy Corp. v. Huskie Tools, Inc.*,
  1992 U.S. Dist. LEXIS 3673 (S.D.N.Y. 91 Civ. 6071 Mar. 20, 1992). ..................................... 6

*Cartier v. Oakley, Inc.*,
  2006 U.S. Dist. LEXIS 90112 (S.D.N.Y. 06 Civ. 5841-LAP Dec. 11, 2006). ...................... 5, 6

*Fordyce v. Round Hill Developments, Ltd.*,
  585 F.2d 30 (2d Cir. 1978). ........................................................................................................ 3

*Gelfand v. Tanner Motor Tours, Ltd.*,
  385 F.2d 116 (2d Cir. 1967),
  *cert. den.*, 390 U.S. 996 (1968). ................................................................................................. 3

*Jazini by Jazini v. Nissan Motor Co.*,
  148 F.3d 181 (2d Cir. 1998). .................................................................................................... 10

*Levant Line, S.A. v. Marine Enters. Corp. (In re Levant Line, S.A.)*,
  166 B.R. 221 (Bankr. S.D.N.Y. 1994). ...................................................................................... 4

*Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*,
  264 F.3d 32 (2d Cir. 2001). ........................................................................................................ 8

*McShan v. Omega Louis Brandt Et Frere, S.A.*,
  536 F.2d 516 (2d Cir. 1976). ...................................................................................................... 7

*Montalbano v. Easco Hand Tools, Inc.*,
  766 F.2d 737 (2d Cir. 1985). ...................................................................................................... 9

*National Union Fire Ins. Co. v. BP Amoco P.L.C.*,
  319 F. Supp. 2d 352 (S.D.N.Y. 2004). ....................................................................................... 8

*Palmieri v. Estefan*,
  793 F. Supp. 1182 (S.D.N.Y. 1992). ...................................................................................... 4, 5

*Potter's Photographic Applications Co. v. Ealing Corp.*,
    292 F. Supp. 92 (E.D.N.Y. 1968). ............................................................................... 5

*Ronar, Inc. v. Wallace*,
    649 F. Supp. 310 (S.D.N.Y. 1986). ............................................................................. 2

*Rothschild v. Paramount*,
    923 F. Supp. 433 (S.D.N.Y. 1996). ............................................................................. 2

*Semi Conductor Materials v. Citibank Int'l PLC*,
    969 F. Supp. 243 (S.D.N.Y. 1997). ............................................................................. 2

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)..................................................................................................... 9

*Yurman Designs, Inc. v. A.R. Morris Jewelers, LLC*,
    41 F. Supp. 2d 453 (S.D.N.Y. 1999). ......................................................................... 7

**State Cases**

*Banegas v. Five Counties Carting Recycling Corp.*,
    276 A.D.2d 655, 715 N.Y.S.2d 636 (2d Dep't 2000). ........................................... 5, 6

*Delagi v. Volkswagenwerk AG*,
    29 N.Y.2d 426, 328 N.Y.S.2d 653, 278 N.E.2d 895 (1972)........................................ 7

*Frummer v. Hilton Hotels International, Inc.*,
    19 N.Y.2d 533, 227 N.E.2d 851, 281 N.Y.S.2d 41 (1967)..................................... 3, 4

*Kramer v. Vogl*,
    17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966)......................................... 8

*Kreutter v. McFadden Oil Corp.*,
    71 N.Y.2d 460, 522 N.E.2d 40, 527 N.Y.S.2d 195 (1988)..................................... 5, 6

*McKee Electric Co. v. Rauland-Borg Corp.*,
    20 N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967)......................................... 8

**Statutes and Constitutional Provisions**

CPLR 301.................................................................................................................. 3, 7, 8, 9

CPLR 302(a)(1). ............................................................................................................ 5, 8, 9

CPLR 302(a)(2). ................................................................................................................ 8, 9

CPLR 302(a)(3). ............................................................................................................ 2, 8, 9

# Defendants' Memorandum of Law in Reply on Motion under Fed. R. Civ. P. 12(b)(2) to Dismiss the First Amended Complaint for Lack of Personal Jurisdiction
## Preliminary Statement

The plaintiff's opposition is a colorful but empty bottle. The plaintiff's jurisdictional arguments are interesting, but the allegations in the complaint simply do not support the assertions. The plaintiff does not support its arguments with any substantive allegations. It leaves its conclusions standing alone, without factual support, and it cites cases with very different fact patterns.

## Argument

**1.   Merck Eprova's Empty Arguments do not Support Any Finding that Jurisdiction Exists**

Merck Eprova refers to several other cases that, upon examination of their facts, are not comparable to the situation at bar. For example, Merck Eprova refers to *A. I. Trade Finance, Inc. v. Petra Bank*,[1] to support its argument that the allegations in its complaint concerning the underlying claims sufficiently present a basis for jurisdiction. But the *A. I. Trade* case does not translate to a similar result in connection with Merck Eprova's complaint. The claim in *A. I. Trade* was against a Jordanian Bank based on its "aval" on a note that made the bank additionally liable for payment. The note was payable in New York, so the substantive allegations concerning the financial transactions were also sufficiently presented all of the allegations necessary to establish long-arm jurisdiction. Accordingly, no additional jurisdictional allegations were necessary. Conversely, at bar, the substantive allegations concerning the nature of Merck Eprova's product and labels do not, without more, establish a connection with New

---

[1] 989 F.2d 76 (2d Cir. 1993).

York. In any event, this Court recognized, for example in *Semi Conductor Materials v. Citibank International PLC*,[2] that *A.I. Trade*, which concerned liability under a guaranty, is distinguishable from cases like this one that do not involve guaranties.

Other cases that Merck Eprova cited were similarly unavailing. For example, Merck Eprova relies too heavily on *Rothschild v. Paramount*,[3] in which the defendant acknowledged having previously delivered goods in New York. Likewise, in *American Network v. Access America/Connect Atlanta, Inc.*,[4] involving unfair competition claims between competing internet service providers, the plaintiff actually showed that the defendant had recruited New York subscribers, so the jurisdictional allageation was not empty.

Merck Eprova complains that the defendants ignored the substantive allegations concerning its product, but those matters are not relevant on this jurisdictional motion. While the defendants deny the complaint's substantive allegations, for purposes of this motion it must accept those allegations as true. Nevertheless, the complaint, even accepted as true, does not form a basis for long arm jurisdiction. As noted in the defendants' moving papers, more than conclusory allegations are required.[5]

Merck Eprova emphasizes Gnosis's heavy involvement in international commerce, which Gnosis readily acknowledges. But Merck Eprova implies that this participation alone is enough to justify haling Gnosis into court in New York. A simple reading of CPLR 302(a)(3)'s multi-prong standard, which requires a connection to New York and not just involvement in international commerce, easily reveals the emptiness of Merck Eprova's arguments. Well-

---

[2] 969 F. Supp. 243, 247 (S.D.N.Y. 1997).
[3] 923 F. Supp. 433 (S.D.N.Y. 1996),
[4] 975 F. Supp. 494 (S.D.N.Y. 1997).
[5] *Ronar, Inc. v. Wallace*, 649 F. Supp. 310 (S.D.N.Y. 1986).

established Due Process concepts do not allow a plaintiff to merely show that a defendant is large or has a large reach. They require a connection to the forum. Merck Eprova does a fine job of declaring, in conclusory fashion, that these connections exist, but it points to no examples of specific supporting facts or allegations. Instead, it flails with misleading references and empty conclusions. For example, Merck Eprova comically finds significance in labels printed in English, as though New York were the only place in the world where English is spoken. As another example, Merck Eprova blindly insists that Gnosis committed a tort in New York, but it does not allege that Gnosis ever entered New York and instead points to AHD's sale in New York.

## 2. Gnosis is not Subject to "Presence" Jurisdiction under CPLR 301

### A. AHD is "Present" in Georgia, not New York

Merck Eprova's argument, that Gnosis is "present" in New York by virtue of Georgia-based AHD, is not warranted under any reading of CPLR 301 or the cases decided under it. Merck Eprova tries to argue that an agent or distributor's presence can support "doing business" jurisdiction under CPLR 301, but the cases it cites all involve New York-based agents or distributors.

For example, the U.K. hotel operator in *Frummer v. Hilton Hotels International, Inc.*,[6] had an agent in New York. Likewise, the Gray Line bus operator in *Gelfand v. Tanner Motor Tours, Ltd.*,[7] belonged to an association that had a New York sales representative (as opposed to an independent travel agent, whom the Second Circuit held was not an agent for jurisdictional purposes in *Fordyce v. Round Hill Developments, Ltd.*[8]). Similarly, while the foreign

---

[6] 19 N.Y.2d 533, 227 N.E.2d 851, 281 N.Y.S.2d 41 (1967).
[7] 385 F.2d 116 (2d Cir. 1967), *cert. den.*, 390 U.S. 996 (1968).
[8] 585 F.2d 30 (2d Cir. 1978).

subsidiaries of Sony Records in *Palmieri v. Estefan*,[9] were completely located and operating outside New York, by virtue of their heavy reliance on the New York-parent's activities they were "doing business" in New York.  Each of these cases that Merck Eprova cited involved a New York-based affiliate, and they do not support "presence" jurisdiction based on Georgia-based AHD's activities.  Notably, in discussing the *Palmieri v. Estefan* case, the court in *Levant Line, S.A. v. Marine Enters. Corp. (In re Levant Line, S.A.)*,[10] noted four factors for establishing "presence" jurisdiction based on a New York parent:  common ownership, financial dependency, parental control over executives combined with a lack of corporate formalities, and parental control over marketing.[11]  None of these factors are alleged here.  The *Levant Line* court also noted that partial ownership[12] — which is not even alleged here — would not be enough to support jurisdiction.

Merck Eprova does not allege that these defendants engaged in the types of activities that supported "presence" jurisdiction in the cases it cites.  Merck Eprova does not identify a single instance of regular and systematic business activities in New York of either Gnosis or AHD.  Where is the office, the bank account, or the telephone number?  AHD distributes Gnosis's product, but there is no allegation of any other connection between the defendants and AHD.  More importantly, AHD is not even in New York.

**B.    Gnosis did not Own or Control AHD**

In any event, as Merck Eprova argues, these cases finding "presence" jurisdiction based on an "agent's" activities all involve some close relationship between the foreign defendant and the local party.  The cases noted above — *Frummer v. Hilton Hotels, Gelfand v. Tanner Motor,*

---

[9] 793 F. Supp. 1182 (S.D.N.Y. 1992).

[10] 166 B.R. 221, 232 (Bankr. S.D.N.Y. 1994).

[11] *Id*. at 231.

[12] *Id*. at 232.

and *Palmieri v. Estefan* — all involved a local affiliate or parent.  The other cases that Merck Eprova cited involved similar relationships.  In *Cartier v. Oakley, Inc.*,[13] the foreign defendant owned the New York distributor.  In *Alto Products Corp. v. Ratek Industries Ltd.*,[14] the foreign defendant and the New York distributor had common ownership.  And the decision in *Banegas v. Five Counties Carting Recycling Corp.*,[15] does not specify the factual basis for the court's determination that an agency relationship existed.

Merck Eprova shamelessly quotes from *Potter's Photographic Applications Co. v. Ealing Corp.*,[16] to support the proposition that the Court should look at all of the defendant's New York activities — in this case, none.  But Merck Eprova does not explain *Potter's Photographic's* distinguishable facts, most notably the defendant's office in New York.

### 3. Gnosis did not Engage in a Transaction in New York that would Afford Jurisdiction under CPLR 302(a)(1)

Merck Eprova's arguments for jurisdiction under CPLR 302(a)(1) are equally meritless. Merck Eprova argues that CPLR 302(a)(1) is a "single act" statute, pointing to the decisions in *Kreutter v. McFadden Oil Corp.*,[17] and *Cartier v. Oakley, Inc*.[18]  But in both of those cases the foreign defendants were directly involved in New York transactions.  The Texas defendants in *Kreutter* received funds the plaintiff had invested with a New York-based entity, and they received those funds from the New Yorker.  *Cartier v. Oakley* involved sales through the foreign-defendant's New York-based subsidiary.  At bar, Gnosis sold its product to an

---

[13] 2006 U.S. Dist. LEXIS 90112 (S.D.N.Y. 06 Civ. 5841-LAP Dec. 11, 2006).
[14] 40 U.S.P.Q. (BNA) 1738; 1996 U.S. Dist. LEXIS 12812 (S.D.N.Y. 95 Civ. 3314-LMM Aug. 29, 1996).
[15] 276 A.D.2d 655, 715 N.Y.S.2d 636 (2d Dep't 2000).
[16] 292 F. Supp. 92 (E.D.N.Y. 1968).
[17] 71 N.Y.2d 460, 522 N.E.2d 40, 527 N.Y.S.2d 195 (1988).
[18] *Supra.*

independent Georgia-based distributor, but it was not involved in AHD's subsequent New York transaction.

Merck Eprova also tries to argue that Gnosis should be held accountable for AHD's activities, arguing that a formal agency relationship need not be shown. While Merck Eprova may not need to establish a formal agency relationship, it must establish some kind of relationship other than manufacturer-distributor. In addition to *Kreutter* and *Cartier v. Oakley*, Merck Eprova points to *Banegas v. Five Counties Carting Recycling Corp.*,[19] and *Alto Products Corp. v. Ratek Industries Ltd.*[20] These cases involved foreign defendants with significant relationships to their New York-based collaborators. As noted, in *Cartier* the foreign defendant owned the New York-based distributor. Similarly, in *Alto Products* the New York distributor and the foreign manufacturer had a common owner. As noted, the decision in *Barnegas* does not explain the factual basis supporting the finding of an agency relationship. Conversely, there is no evidence or even an allegation of any ownership or comparable affiliation between Gnosis and AHD.

A nondomiciliary does not subject itself to jurisdiction in New York by merely selling goods to a distributor who then resells them in New York. As this Court said in *Burndy Corp. v. Huskie Tools, Inc.*,[21] "Even if the goods entered New York, this would not constitute a transaction of business … in New York."[22] In *Burndy*, an exclusive, independent distributor was not alleged to be the foreign defendant's agent, and the distributor's New York activities did not support long-arm jurisdiction over the nondomiciliary absent an agency relationship. Even the

---

[19] *Supra.*

[20] *Supra.*

[21] 1992 U.S. Dist. LEXIS 3673 (S.D.N.Y. 91 Civ. 6071 Mar. 20, 1992).

[22] *Id.* at *7.

foreign defendant's action in sending an employee to a New York trade show did not support jurisdiction. Similarly, this Court in *Yurman Designs, Inc. v. A.R. Morris Jewelers, LLC*,[23] noted that the "flexible" agency standard for long-arm jurisdiction was "not so elastic" to warrant jurisdiction merely for a distributor's activities, and it distinguished *Alto Products* for that reason.[24]

### 4. The Independent Distributor's Activities do not Support Jurisdiction as against Gnosis

Merck Eprova tries to connect the defendants to New York through AHD, presenting a series of conclusions that do not point to any evidence or meaningful allegations. For example, Merck Eprova says, "AHD is undoubtedly an agent of Gnosis,"[25] but it does not identify any evidence, or even any allegation, establishing this agency relationship. The only fact Merck Eprova can point to is AHD's status as a distributor of Gnosis's product. That relationship is not sufficient to establish an agency.

As the Second Circuit said in *McShan v. Omega Louis Brandt Et Frere, S.A.*,[26] referring to the New York Court of Appeals' decision in *Delagi v. Volkswagenwerk AG*,[27] "sales, no matter how substantial, of a foreign manufacturer's product in New York through an independent agency do not make the foreigner amenable to suit in New York, even though the products are advertised in local media."[28] The foreign defendant in *McShan* sold goods f.o.b. Europe to an independent U.S. distributor. The court focused on the plaintiff's arguments for "presence" jurisdiction under CPLR 301. But the court also noted that long-arm jurisdiction would have

---

[23] 41 F. Supp. 2d 453 (S.D.N.Y. 1999).
[24] *Id*. at 459.
[25] Merck Eprova Opposition, p. 12.
[26] 536 F.2d 516 (2d Cir. 1976).
[27] 29 N.Y.2d 426, 328 N.Y.S.2d 653, 278 N.E.2d 895 (1972).
[28] *McShan v. Omega Louis Brandt Et Frere, S.A., supra*, at 517-18.

been similarly unavailable under CPLR 302(a)(1), noting that under *Kramer v. Vogl*,[29] a European manufacturer who sold merchandise f.o.b. European ports to a New York distributor without engaging in any sales or advertising in New York did not transact business in New York within the meaning of CPLR 302(a)(1).[30] Similarly, at bar, the status of AHD — which is not even in New York — as an independent distributor does not support "agency" jurisdiction.

The cases that Merck Eprova cites to establish its point on agency involved foreign defendants that were somehow related to local operations. For example, in *National Union Fire Ins. Co. v. BP Amoco P.L.C.*,[31] each foreign defendant authorized a local company to purchase insurance, and it thereby acquired an ownership interest in the local operation.[32] Similarly, *Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*,[33] involved a New York-based agent. Conversely, Merck Eprova does not allege a similar connection, and it alleges no connection to a New York operation.

## 5. The Complaint does not Allege Jurisdiction under CPLR 302(a)(3)

Merck Eprova does not even address the limited bases of jurisdiction alleged in the complaint. At paragraph 6 of the complaint, Merck Eprova merely said, "This Court has personal jurisdiction over Defendant because Defendant transacts business within the State of New York [suggesting jurisdiction under CPLR 301 or 302(a)(1)], contracts to supply goods or services in the State of New York [suggesting jurisdiction under CPLR 302(a)(1)], and has engaged in tortious acts within the State of New York [suggesting jurisdiction under CPLR 302(a)(2)]."

---

[29] 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966).

[30] *See also McKee Electric Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967).

[31] 319 F. Supp. 2d 352 (S.D.N.Y. 2004).

[32] *Id*. at 360.

[33] 264 F.3d 32 (2d Cir. 2001).

This omission should not be overlooked. Merck Eprova insists that its bald conclusory assertions are enough. If Merck Eprova's conclusory allegations limit themselves to jurisdiction under CPLR 301, 302(a)(1), or 302(a)(2), there is no need to read beneath them and infer an additional, silent jurisdictional allegation under CPLR 302(a)(3).

### 6. The Stream of Commerce Theory is Invalid

Merck Eprova continues to cling to the stream of commerce theory that has been discredited in both the United States Supreme Court and the Second Circuit. The defendants fully explored this issue in its moving papers,[34] and addressing it in detail would only rehash those arguments. It should be enough to say again that the U.S. Supreme Court shunned stream-of-commerce in both *Asahi Metal Industry Co., Ltd. v. Superior Court of California*,[35] and *World-Wide Volkswagen Corp. v. Woodson*.[36] Further, as the Second Circuit noted in *Montalbano v. Easco Hand Tools, Inc.*,[37] merely placing a product in the stream of commerce, which foreseeably could bring it into New York, does not create the type of expectation that supports long-arm jurisdiction.[38] Rather, the plaintiff must demonstrate some "tangible manifestation" of a "purposeful affiliation"[39] designed to service the New York market.

### 7. Merck Eprova's Showing does not Warrant Jurisdictional Discovery

Merck Eprova complains that it is entitled to jurisdictional discovery before dismissal is granted. Deferring dismissal to allow for jurisdictional discovery requires a *prima facie* showing of jurisdiction or, at a minimum, a nonfrivolous allegation showing jurisdiction. Where a

---

[34] *See, Defendants' Memorandum of Law in Support of Motion under Fed. R. Civ. P. 12(b)(2) to Dismiss the First Amended Complaint for Lack of Personal Jurisdiction*, Point 2.
[35] 480 U.S. 102 (1987).
[36] 444 U.S. 286 (1980).
[37] 766 F.2d 737 (2d Cir. 1985).
[38] *Id*. at 742.
[39] *Id*. at 742-43.

plaintiff opposes a challenge to *in personam* jurisdiction, jurisdictional discovery is not available simply for the asking.  Absent a *prima facie* showing of a basis for jurisdiction, a request for such discovery is properly denied.[40]  In *Jazini by Jazini v. Nissan Motor Co.*,[41] the Second Circuit declined to allow jurisdictional discovery where the plaintiff's "conclusory non-fact-specific jurisdictional allegations" did not even present a *prima facie* case of jurisdiction.[42]

## Conclusion

The burden on Merck Eprova to avoid dismissal at this point in the litigation is not great, but it is also not ethereal.  Merck Eprova has done nothing more than declare that the defendants are properly subject to the Court's jurisdiction without pointing to any hard facts or specific allegations to support that conclusion.  Merck Eprova cites cases involving deeper relationships than the mere manufacturer-distributor relationship that exists between Gnosis and AHD, and it ignores those cases that involved similar relationships but did not result in a finding of jurisdiction.  The defendants' motion should be granted.

Dated: Purchase, New York
       March 20, 2008

                                    Respectfully submitted,

                                    LITTLETON JOYCE
                                    UGHETTA PARK & KELLY LLP
                                    Attorneys for Defendants

                                    By:    /s/
                                           Bryon L. Friedman (BF 5752)
                                    1 Manhattanville Road, Suite 302
                                    Purchase, New York  10577
                                    (914) 417-3400
                                    File no. 00080.00001

---

[40] *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007); *Jazini by Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998).
[41] *Supra.*
[42] *Id*. at 185.

CERTIFICATE OF SERVICE

I, BRYON L. FRIEDMAN, an attorney duly admitted to practice law before this court, declares as follows under the penalties of perjury:

On March 20, 2008, I caused the annexed DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 12(B)(2) TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION to be served by Federal Express upon:

    ALSTON & BIRD LLP
    90 Park Avenue
    New York, NY 10016
    Attn: Robert E. Hanlon, Esq.

Dated: Purchase, New York
       March 20, 2008

                                          /s/
                                        Bryon L. Friedman, Esq.